**[No. 4112.]**

**GIBSON V. CANN.**

| 28 | 499 |
|----|-----|
| 30 | 138 |
| 28 | ·499 |
| 36 | 522 |

1. WATER RIGHTS—EMINENT DOMAIN—RIGHT OF WAY FOR DITCH—CONSTITUTIONAL LAW.

That part of the statute relating to proceedings to condemn lands for right of way for irrigating ditches and reservoirs, which permits the question of necessity for taking the lands sought to be condemned to be enquired into, is not unconstitutional.

2. SAME.

In determining the question of necessity for taking lands sought to be condemned for right of way for irrigating ditches and reservoirs, the question as to whether or not the enterprise is practicable or can be made a financial success, or what petitioner may be able to accomplish in the way of obtaining water which can be utilized

through his proposed ditch or reservoir system, cannot be enquired into.

*Appeal from the District Court of Arapahoe County.*

Mr. L. E. Kenworthy and Mr. J. M. Washburn for appellant.

Mr. George W. Miller, Mr. Daniel W. Sayer and Mr. C. D. Hayt for appellee.

Mr. Justice Gabbert delivered the opinion of the court.

This action was commenced by appellant for the purpose of condemning a right of way for a ditch and land for reservoir sites across and on the lands of appellee, the waters thus conducted and conserved to be used for irrigation. A commission was appointed to ascertain the necessity for taking the lands sought to be condemned. On the issue of necessity, the cause was submitted to the commission upon the theory that in determining this question it was proper to consider the practicability and feasibility of obtaining water from sources from which it was intended to supply the ditch and reservoirs in sufficient quantity to be of any practical value or benefit for the purposes of irrigation. Evidence was introduced on behalf of appellee, tending to establish this issue in his favor. The commission found "that there is no necessity for the taking of said lands, it not being feasible or practicable to obtain water subject to lawful appropriation to irrigate the lands held by plaintiff * * * through the irrigating ditch described in plaintiff's petition." On this return a judgment was entered, dismissing the proceedings.

In the printed briefs of appellant numerous questions are argued, which we do not deem it necessary to pass upon, save the one which challenges the constitutionality of the law permitting the question of necessity for the taking of lands sought to be condemned to be inquired into. The constitution vests certain par-

ties with the authority to exercise the right of eminent domain. It does not state that this power can be exercised without reserve. The constitution is but a limitation upon the legislative power, and any act which is not thereby prohibited is valid. So that, although the constitution recognizes the right of eminent domain, it is proper for the legislature to impose just limitations which do not prevent the exercise of the right. Parties having the constitutional authority may condemn lands, but it is certainly proper to limit this right to the extent of their needs.

On oral argument it was suggested by counsel for appellant that in determining the question of necessity the feasibility and practicability of the enterprise inaugurated by appellant were not relevant. This is the material proposition in the case. The constitution and statutes have vested appellant with the authority to exercise the power of eminent domain for the purposes for which he seeks to condemn the land in question. Except as thus restricted his discretion cannot be controlled by the courts. *Warner v. Town of Gunnison,* 2 Colo. App., 430; 2 Lewis' Eminent Domain, (2d ed.) section 393. The question of necessity in condemnation proceedings presents itself in various aspects. What is proper to consider in determining this question will vary according to the circumstances of each particular case. There is certainly nothing in the constitution or the statutes on the subject of eminent domain from which it can be inferred that in investigating the question of necessity the courts can consider whether the petitioner is seeking to launch an enterprise which will be a financial success or not. Courts cannot say that a party shall not carry out an enterprise because it cannot succeed. Such matters must be left entirely to the discretion and judgment of the promoters. It is solely the province of petitioner to determine the feasibility of constructing the proposed ditch and reservoirs. Therefore, whether the enterprise is practicable or can be made a success financially does not enter into the question of necessity, nor is it pertinent

to inquire what petitioner may be able to accomplish in the way of obtaining water which can be utilized through his proposed ditch and reservoir system. Lewis' Eminent Domain, section 11, *Edgewood R. Co.'s Appeal,* 79 Pa., 257.

The judgment of the district court is reversed and the cause remanded for further proceedings.

*Reversed and Remanded.*