(38 South. 427.)

No. 15,626.

XAVIER REALTY, Limited, v. LOUISIANA RY. & NAV. CO.

(April 12, 1905.)

INJUNCTION—TRESPASS—DISSOLUTION—APPEAL—PROHIBITION—EXPROPRIATION PROCEEDINGS.

1. An injunction against a railroad company to restrain trespass on certain real estate and the unlawful use of streets contrary to city ordinances and to the injury of an abutting owner will not abate, as to the issue of prior trespass, by the subsequent expropriation of the property.

2. When, in such a case, the railroad company moves to dissolve the injunction with or without bond on the ground that the price of expropriation had been paid, and the judge orders the dissolution on bond, and thereupon plaintiff in injunction moves for a suspensive appeal, prohibition will not lie to prevent the judge from granting the appeal, though such action would, on his part, be illogical, and inconsistent with his previous ruling.

3. An injunction suit against trespass is no impediment or bar to subsequent expropriation proceedings or to the exercise of rights of property acquired thereunder.

(Syllabus by the Court.)

Action by the Xavier Realty, Limited, against the Louisiana Railway & Navigation Company. Judgment for defendant, and

plaintiff moves for a specific appeal, and defendant applied for writs of certiorari, prohibition, and mandamus. Denied.

Carroll & Carroll and Wise, Randolph & Rendall, for relator. Respondent judge, pro se. Thomas J. Kernan and William Winans Wall, for respondent Xavier Realty, Limited.

LAND, J. Plaintiff, claiming the ownership and possession of a large number of squares of ground in the city of New Orleans, enjoined defendant railway from trespassing thereon, and also from making embankments and excavations in the contiguous streets, contrary to city ordinances.

The railway company, thereupon, brought an expropriation suit, claiming 10 of the squares for its right of way, yards, etc. The Xavier Company, in its answer, set up the same matters alleged in its petition for injunction and prayed that the expropriation be denied, and, if allowed, that the railway company be condemned to pay the value of the property to be taken, and $21,400 damages to the remainder of the property.

There was a verdict in favor of the railway company for the 10 squares of ground at the valuation of $14,000. There was judgment pursuant to the verdict and dismissing the claim for damages as in case of nonsuit. The Xavier Company appealed from this judgment, but under the statutes such appeal was not suspensive.

The railway company then filed a rule in the injunction suit to dissolve the injunction as to the 10 squares expropriated, alleging payment of the judgment for $14,000, and a tender of all costs. The Xavier Company, in its answer to the rule, did not controvert the alleged payment and tender, but alleged that, if the railway company was allowed to take possession of the streets and to destroy access to the remaining squares, they would be greatly diminished in value to an amount exceeding $2,000, and that such damage could not be inflicted until first judicially ascertained and paid, without a violation of its constitutional rights. The answer further averred that the respondent had appealed from the judgment in the expropriation suit, which had nonsuited the claim for damages.

The rule was tried, and there was judgment dissolving the injunction as to the 10 squares expropriated and in so far as it restrained the railway company from placing embankments in and upon the streets abutting on said squares upon bond being furnished in the sum of $9,000.

The Xavier Company thereupon filed a motion for a suspensive appeal from the dissolving order, and, the trial judge having expressed an intention to grant the same, the railway company instituted these proceedings to restrain such action.

The answer of the respondent judge is substantially that in his opinion the Xavier Company is entitled to a suspensive appeal under the ruling of this court in State ex rel. Cotting v. Judge, 104 La. 74, 28 South. 977.

The answer of the Xavier Company is, in effect, that the dissolution of the injunction would work irreparable injury; that the railway company had not deposited in the hands of the sheriff the amount of the award subject to the order of respondent, but on conditions not warranted by law; and that the consequential damages to the remainder of its property must be first ascertained and paid before relator can be permitted to take the squares or place embankments in the streets.

The motion to dissolve was predicated on two propositions, to wit: First, that the injunction had been dissolved as to the 10 squares by the subsequent expropriation judgment and payment of the award; and, second, that as to the use of the streets the resulting damages, if any, were not irreparable.

The first proposition involves a mixed question of law and of fact arising from the alleged happening of subsequent events which it is contended abated the previous injunction. The second proposition is to be determined from the nature of the acts restrained by the injunction as shown on the face of the papers.

The injunction suit was no impediment to the expropriation suit, and the judgment in the latter could not be stayed by a suspensive appeal. Rev. St. § 1483; Civ. Code, art. 2634. The law provides that the payment of the amount of the verdict to the owner, or the deposit thereof, subject to the owner's order, in the hands of the sheriff, shall entitle the corporation to the right, title, and estate of the owner in and to the land described in the petition in the same manner as a voluntary conveyance would do. Whether the railway company had complied with the requirements of law as above stated, was an issue before the court below, on which the owner had a right to be heard, and a right to appeal from an adverse ruling thereon as in other cases.

A dissolution on bond is a permit to perform the acts which have been enjoined; among others, the raising of embankments and the making of excavations in the streets, contrary to the city ordinance granting a right of way thereon, and to the extent of rendering the same impassable and destroying the drainage of the contiguous land. In Water Works Company v. Oser & Co., 36 La. Ann. 918, this court held that on a motion to dissolve, where the facts alleged and sworn to on the face of the petition for injunction showed irreparable injury, the judge should not consider denials of injury or of its character, and other matters pertinent to the merits.

The basis of this application is necessarily that no appeal will lie from the dissolving order in question, and that the respondent would usurp jurisdiction or exceed his legitimate powers by granting a suspensive appeal therefrom to the irreparable damage of relator. This court has held that a judge who has ordered a dissolution of an injunction on bond should, as a logical sequence, refuse to grant a suspensive appeal therefrom. State v. Monroe, 50 La. Ann. 271, 23 South. 839. While the granting of an appeal in such a case would be illogical, and inconsistent with the previous ruling that the injury was not irreparable, we do not think that such action would amount to such a usurpation of jurisdiction or such an exercise of illegitimate powers as would warrant the issuance of a writ of prohibition. Code Prac. art. 845.

The injunction suit directed against a trespass on real estate could not properly be dissolved on bond. Such injunction, however, was no obstacle to the expropriation suit, or to the enforcement of the judgment therein rendered on compliance with the statutory requisites; nor was it an impediment to the use of the streets by the railway corporation in accordance with the franchise granted by the city. No damages to property were claimed in the injunction suit, but were properly urged in the expropriation suit. We concur with counsel for relator in the view that it was unnecessary for the railway company to apply for a dissolution of the injunction before attempting to enforce its alleged rights under the expropriation verdict and judgment. Whether such rights can be enforced without first paying the alleged consequential damages to the remainder of the property is a question that will properly arise when the railway corporation attempts to take possession of the 10 squares expropriated and to use the contiguous streets under the franchise granted by the city.

We think that confusion has arisen from the ingrafting on the injunction suit of issues which appertain to the expropriation

suit, and the enforcement of the judgment therein rendered. In a similar case this court said:

"The original injunction, with the questions raised thereby, has not abated by the fact that subsequent thereto expropriation proceedings touching this particular property have been brought to an end, and that under the same the city may have taken possession of the same. The issues raised were as to the rights and obligations of parties as arising from an alleged unauthorized and illegal taking possession of the property prior to the expropriation." State ex rel. Cotting v. Judge, 104 La. 89, 28 South. 977.

In that case the court held that an appeal would lie from the dissolving order.

In the case before us the only question we decide is that of the right of the relator to writs of prohibition, leaving to the respondent judge the exercise of his sound legal discretion in the premises. We do not think that this is a proper case for the interference of this court by way of prohibition or other extraordinary writs.

It is therefore ordered that the preliminary writs herein issued be recalled, and that relator's application be denied and dismissed at its cost.