Statement of the Case.
MONROE, J.
Plaintiff, a corporation organized under the laws of this state, alleges that it has possessed, as owner, for more than a year, 38 squares of ground in this city, and that defendant has recently made surveys, cut paths, staked lines, and otherwise trespassed thereon; that defendant intends to expropriate a strip of land running diagonally through 10 of said squares, and that such expropriation is unnecessary, for the reason that the city has grantéd to it the right to construct and maintain its rail *186 way on certain streets, which are named; and that such right is all that defendant requires. Plaintiff further represents that it has acquired its said 38 squares through patient effort, in practically a solid body;. that they are situated in-a portion of the city in which property is rapidly increasing in value; and that the proposed expropriation would render them valueless for the purposes for which they can be best used, and would utterly destroy the value of the 10 squares through which it is to be effected. It further alleges that the value of said property depends upon its accessibility through certain streets, and particulaz-ly Palmetto street, which is at present the only practicable highway over which the tenants, who are market gardeners, can reach the city; that, for the protection of the public, the ordinance granting to defendant the right of way oyer said streets requires that its tracks shall be so laid thereon as not to obstruct the use of the same, or the drainage of the city; that in violation of said ordinance, and to the injury of plaintiff, defendant has thrown up embankments on said streets, and has made excavations in certain of them, and will pursue the same course with respect to.the others, unless restrained. Plaintiff therefoz-e prays for citation, for a writ of injunction restraining defendant from disturbing its possession of said property, “from constructing, or attempting to construct any line of railway thereon, from attempting to expropriate any portion thereof for such purpose, and from making embankments or excavations in any of the streets * * * named, or taking earth therefrom for the construction of'its railway line or for any other purpose, and enjoining said company to restore to their original condition all of said streets in which they have already made embankzrients and excavations,” and, after due proceedings, perpetuating the injunction and quieting plaintiff in its possession. And an injunction issued as prayed for, on a bond of $1,000. To the petition containing these allegations, defendant excepted on the grounds that it discloses no cause of action, that it is vague and indefinite, and that plaintiff has no authority in law to object to expropriation proceedings in the manner attempted; and defendant alleges that it has instituted a suit for the expropriation of plaintiff’s property, which is now pending, and in which alone the matters relating to such expropriation can properly be determined, and it prays that plaintiff’s petition be dismissed “in so far as the same concerns or refers in any manner to said matters of expropriation.”
This was followed by a motion in which defendant alleges that it has sued for the expropriation of certain squares of ground belonging to the plaintiff, numbered respectively 518, 519, 520, 522, 523, 524, 481, 559, 560, and has obtained a verdict awarding the property to it upon payment of $14,000; that it has paid said amount to the sheriff, and has offered to pay all costs, when informed of the amount of the same, but that it is restrained from taking possession of the-property by the injunction herein issued. It further alleges that plaintiff’s rights to said 10 squares under said injunction have been extinguished by the translation of the title; all the matters alleged in the petition for injunction having been set up by way of a defense in said expropriation suit, and having become res adjudicata. It further alleges that it is enjoined by the writ herein issued from making embankments, excavations, etc., on certain streets; that it has been building its road, and is ready to proceed under the terms of Ordinance No. 1997, N. O. S., authorizing it to do so; and that the utmost that the plaintiff could ask, as a condition to the dissolution of its injunction, would be-a bond to cover the damage which it may sustain by the prosecution of defendant’s-work on said streets. And defendant prays that plaintiff be ordered to show cause why- *187 the injunction should not be dissolved without bond, or upon such bond as the court may order.
Thereupon plaintiff filed a supplemental petition, alleging that by clerical error square 521 was omitted from the list mentioned in the original petition, and that it has since filing said petition acquired square 484; that ■ squares 480, 481, 518, 519, 520, 522, 523, 524, 559 and 500 have been expropriated, by the judgment in the suit mentioned in the rule, at a valuation of $1,400 per square; that plaintiff’s demand therein set up for damages to its remaining property has been dismissed as in case of nonsuit, and that it has applied for and will perfect an appeal from the judgment so rendered; that defendant has notified plaintiff that it will take possession of the expropriated property, and will proceed to build its railroad thereon, and also in and over the streets named in plaintiff’s petition, upon which plaintiff’s remaining squares abut; that defendant proposes to construct on the squares expropriated a railroad yard, side tracks, switches, repair shops, sheds, section houses, and other structures, and that its main and side tracks will be built upon an embankment 28 feet wide and 4 feet high, and will cross • said streets at acute angles, occupying the same to the exclusion of the public; that ingress and egress to and from plaintiff’s remaining squares will thereby be cut off, and the value of said property greatly-diminished; and that defendant cannot thus •damage plaintiff’s property until the amount of the damage shall have been judicially determined and compensated; and it prays for judgment in accordance with the prayer of the original petition.
Plaintiff then, for answer to the rule to •dissolve, adopts the allegations of its petitions; alleges that the judgment of expropriation is not res judicata as to the issues raised in this suit, and especially as to its ■claim for damages to the property not expropriated; and further alleges that the dissolution of the injunction will allow defendant to take possession of the streets upon which said property abuts, and thereby damage said property, without previous compensation, in violation of article 167 of the Constitution of the state, and of article 5 of, and the fourteenth amendment to, the Constitution of the United States. The issues tried in the district court were those presented by the rule and the answer thereto, and, after hearing, there was judgment “modifying the injunction by dissolving the same in so far as it affects squares 481, 518, 519, 520, 480, 522, 523, 524, 559, and 560, described in plaintiff’s petition, and in so far as it restrains defendant from placing embankments in and upon the streets abutting its property herein referred to, upon furnishing bond in accordance with law, in the sum of $9,000.” From this judgment the plaintiff has appealed, and the defendant moves to dismiss the appeal; alleging that the law does not contemplate an appeal from an order dissolving a preliminary injunction, save in eases where such order may work irreparable injury, and that this is not a case of that character.
Pending the plaintiff’s application for this appeal the defendant applied for writs of prohibition and mandamus to restrain the judge a quo from granting the same, and to command him to proceed with the execution of the judgment from which the appeal was asked; the ground relied on being substantially the same as those set up in the present motion. The writs thus applied for were denied by this court, and it was held that “the injunction suit was no impediment to the expropriation suit, * * * or to the enforcement of the judgment therein rendered, on compliance with the statutory requisites,” and that said judgment could not be stayed by suspensive appeal; that whether the railway company had complied therewith was, however, a question upon which the defendant in expropriation had a right to be heard, and from the decision of which it had *188 a right to appeal. It was also held that an injunction prohibiting a trespass on real estate ought not to be dissolved on bond, but that, whilst such a course may be illogical, the order dissolving an injunction on bond does not divest the court by which it is made of jurisdiction to grant an appeal therefrom. It was further held that no damages to property were claimed in the injunction suit, but that they were properly urged in the expropriation suit; that the original injunction, with the questions raised thereby, was not abated by the fact that subsequent .thereto the expropriation proceedings were brought to an end, the issues presented being as to the rights and obligations of the parties as arising from an alleged illegal taking possession of property prior to its expropriation; and that “the confusion [in which the litigation has become involved] has arisen from the ingrafting on the injunction suit of issues which appertain to the expropriation suit, and to the enforcement of the judgment therein rendered.” Xavier Realty, Ltd., v. La. Ry. & Nav. Co. (No. 15,626 of the docket of this court) 38 South. 427, 114 La. 484.
On the trial of the motion to dissolve, it was proved that the defendant had paid to the sheriff, “for account of Xavier Realty, Limited,” the amount awarded in the expropriation suit, and that it had made a written offer to the plaintiff to pay all costs legally due, requesting a statement of the amount claimed, to which offer no answer had been received. There was then some testimony taken as to the purpose and necessity of the expropriation, the loss which the defendant may sustain by reason of delay, etc., after which the rule was argued and decided.
Opinion.

On Motion to Dismiss Appeal.

The pendency of the injunction was no bar to the institution of the expropriation suit, or to the exercise by the court in which that suit was instituted of complete jurisdiction; hence it follows that after the suit was instituted there was no issue which could have been decided on the application for injunction, the pendency or decision of which could have operated a stay of the proceeding for expropriation, or of the execution of the judgment to be therein rendered; and it also follows that no issue or decision having such effect can have been brought up by the present appeal. When, therefore, the learned counsel for the plaintiff herein argue that the dissolution of the injunction, whereby the plaintiff in the expropriation suit is allowed to execute the judgment therein rendered, will work to their client an injury not alleged to be irreparable, or will authorize an invasion of its property rights, in violation of article'167 of the Constitution of this state and of certain provisions of the Constitution of the United States, the answer is that the remedy must be found in the proceeding in which the judgment was rendered, or in some process from a court having jurisdiction to regulate that proceeding or to control the execution of that judgment, and directed to the accomplishment of such purpose. It cannot be found in a proceeding in a court of co-ordinate jurisdiction with that by which the judgment of expropriation was rendered, or by appeal from any judgment rendered in such proceeding. In so far, therefore, as the appeal now under consideration might be supposed to operate upon the judgment of expropriation, or upon the issues upon which that judgment is predicated, it must, for the reasons thus given, be dismissed. In other respects it cannot reasonably be contended that there was anything in the order dissolving the injunction which would authorize an appeal. Thus, it is true that the injunction was issued several months before the filing of the expropriation suit; that the plaintiff in injunction alleged trespass committed in the I past, and damage inflicted in the past, as the *189 reason (in part, at least) for the issuance of an injunction to prohibit the commission of sueh trespass and the infliction of such damage in the future. It is manifest, however, that the injunction never operated on the trespass and damage already committed and inflicted, and hence that 'its dissolution, whether on bond or otherwise, can have worked the plaintiff no injury with respect to those matters.
Beyond this; the only complaint made hy defendant of injury resulting from the dissolution of the injunction relates to the execution or probable execution of the judgment of expropriation — a matter which, as we have seen, cannot properly he inquired into upon this appeal.
It is therefore ordered, adjudged, and decreed that the appeal herein be dismissed at the cost of the appellant