[No. 4777.]

Schneider v. Schneider.

1.  Eminent Domain—Water Rights—Waste Water—Right of Way—Statutory Construction.

In an action to condemn a right of way for an irrigating ditch to convey the waste and surplus water from the end of a ditch on defendant's land, the statutory provision for enlarging ditches has no application.—P. 521.

2.  Same.

Sections 2256, 2257, Mills' Ann. Stats., provide for obtaining the use of water and for securing rights of way and are in no sense prohibitive, and have no application to a proceeding to condemn a right of way for a ditch to carry waste and surplus water from the end of a ditch on another's land.—P. 521.

3.  Eminent Domain—Water Rights—Waste Water—Right of Way—Defenses.

In a proceeding to condemn land for an irrigation ditch to convey waste and surplus water from the end of a ditch on defendant's land to plaintiff's land, the fact that there may be a

doubt as to whether or not an appropriation of water can be made elsewhere than from the stream does not affect plaintiff's power to condemn land for such purpose as against respondent, as the latter cannot raise a question that does not concern him or which rests solely between plaintiff and other appropriators. —P. 521.

4. Same.

Where, in an action to condemn a right of way for a ditch to carry waste and surplus waters, the petition and proof show the necessity for the use of the water and that water is being wasted which petitioner can obtain, neither the question of whether or not there is sufficient water for petitioner's use, nor whether or not the plan is a practicable or feasible one, can be determined in such proceeding.—P. 522.

5. Same.

In an action to condemn a right of way for a ditch to carry waste and surplus water from the end of a ditch on defendant's land to plaintiff's land, the various questions which may arise as to the right to appropriate such water cannot be determined, as this would necessarily involve the rights of other appropriators, who would not be before the court. In any event, it is no concern of the defendant as to what becomes of the surplus water after he has used all to which he is entitled.—P. 522.

6. Eminent Domain—Vested Water Rights—Right of Way.

Since the right to the use of water cannot become vested until it has become appropriated, and the appropriation cannot become complete until the water has been applied to a beneficial use, and the latter cannot be done until a ditch has been constructed, it necessarily follows that the securing of a right of way must precede a vested right to the water.—P. 522.

7. Eminent Domain—Non-owner of Water Right—Right of Way —Nonsuit.

In a proceeding to condemn a right of way for an irrigation ditch, plaintiff's failure to prove that she is the owner of a water right or has made an appropriation of water is not a ground for nonsuit, as an action under the eminent domain act cannot be converted into an action to quiet title.—P. 523.

8. Eminent Domain—Water Rights—Right of Way—Plea of Res Adjudicata.

In a proceeding to condemn land for an irrigating ditch, a judgment theretofore rendered in a suit between plaintiff and defendant's grantor, involving the right of plaintiff to construct such ditch without first obtaining a right of way therefor, cannot be set up as a plea of res adjudicata.—P. 523.

9. Eminent Domain—Water Rights—Right of Way—Condemna-
    tion Proceeding—Attorney's Fees.
    'In a proceeding to condemn a right of way for an irrigating
ditch, plaintiff cannot be compelled to pay defendant's attorney
fees, as the statute makes no such provision.—P. 524.

*Appeal from the District Court of the City and
County of Denver.*
*Hon. John I. Mullins, Judge.*

Action by Emma M. Schneider against Jacob
Schneider. From a judgment for plaintiff, defend-
ant appeals.                               *Affirmed.*

Mr. JOHN W. HELBIG, for appellant.

Mr. O. N. HILTON, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the
court:

Appellee brought an action to condemn a right
of way for a ditch twenty feet long, two feet wide and
one foot deep, extending from the lower end of a
certain irrigating ditch upon defendant's premises
to plaintiff's premises.

To the petition appellant filed an answer, plea of
*res adjudicata* and a cross bill for an injunction to
restrain plaintiff from extending the ditch.

On motion, the cross petition was stricken out
and the court proceeded to determine the issues
raised by the other pleadings.

These preliminary matters were determined in
favor of plaintiff. Commissioners were then ap-
pointed and subsequently reported that there was a
necessity for the taking of the land; that the value
of the land taken was $12.50 and the damage to the
residue was ninety dollars.

Seventy errors were assigned, but we will con-
sider only those argued by appellant in his brief.

In plaintiff's petition she claimed that she was one of the owners of the appropriation of water attached to the ditch she sought to extend, but at the primary hearing she abandoned that theory and claimed that she desired to use the waste and surplus waters flowing from the ditch.

Defendant says that she cannot maintain this action for such purpose, because his ditch is not such a one as the statute provides may be enlarged or used by another.

The question here is not one of enlarging or using the ditch, but of constructing a new ditch for the purpose of catching and carrying the waste and surplus waters discharged from the ditch. The statute relied upon does not apply, and it is consequently unnecessary to determine whether or not the ditch of defendant comes within its provisions.

The next reason alleged as to why the action may not be maintained is that water arising in a natural stream can only be appropriated directly out of the stream itself or indirectly at some remote point from the source of supply if the appropriator has an easement or right of way up to the stream from whence the water is taken. Sections 2256-2257, Mills' Ann. Stats., are cited as controlling and prohibitive in this matter.

These two sections permit the use of water and the securing of rights of way, and they are in no sense prohibitive. They have no application to any of the principles here involved.

The third proposition is that the appropriation, whatever be the volume or origin of the water, must attach directly or indirectly to some natural water course or channel. It is needless to discuss that question. It has no place in an eminent domain proceeding. The fact that there may be a doubt as to whether or not an appropriation of water can be

made elsewhere than from the stream so that petitioner may not enjoy the fruits of the eminent domain proceeding, if such be the case, does not affect her power to condemn the land as against respondent. He cannot raise a question that does not concern him or which rests solely between petitioner and other appropriators.—*D. P. & I. Co. v. D. & R. G. R. R. Co.,* 30 Colo. 209.

The questions here to be determined are: First, the necessity for the construction of the ditch; second, the amount of the damages.

The petition and proofs show the necessity for the use of the water and that there was water being wasted which petitioner might obtain.

As to whether or not there is sufficient water for plaintiff's use, or as to whether or not the plan is a practicable or feasible one, is a matter which cannot be determined in a proceeding of this character.— *Gibson v. Cann,* 28 Colo. 499.

The various questions which may arise as to the right to appropriate the water cannot be here determined. This would necessarily involve the rights of other appropriators who are not before the court. In any event, it is no concern of the defendant. After having used all of the water to which he is entitled, if there is any surplus remaining in the ditch and which is wasted therefrom, it is immaterial to him as to what becomes of such water.

The fourth contention is that no easement can be acquired for a ditch until the right to the use of the water shall have become vested. This is equivalent to saying that an easement for such purpose cannot be acquired at all.

The right to the use of water cannot become vested until it has been appropriated. The appropriation is not complete until the water has been ap-

plied to a beneficial use, which cannot be done until the ditch has been constructed.

The procuring of the right of way and the construction of the ditch necessarily precedes the making of the appropriation.

The fifth reason assigned as to why this judgment should be reversed is that there is a misjoinder in the causes of action, because a statutory action to condemn and a bill for injunction to restrain an alleged diversion of water may not be joined. We have searched the petition in vain for an allegation concerning a diversion of water prejudicial to defendant's rights, and also for a suggestion requiring injunctive relief, and are unable to learn from an inspection of the petition how counsel arrived at the conclusion that the action was brought for such purpose, or for any purpose other than the condemning of the strip of land.

Appellant contends that a nonsuit should have been granted because plaintiff failed to prove that she was the owner of a water right or had made an appropriation of water. We are not inclined to concede this contention. An action under the eminent domain act cannot be converted into an action to quiet title. So far as it is concerned it must remain an action in eminent domain, and no issue can be injected into the case which will change its character. —D. P. & I. Co. v. D. & R. G. R. R. Co., 30 Colo. 215.

For the same reason the court did not err in ignoring the plea of *res adjudicata.*—5 Current Law 1138; *Xavier Realty Co. v. Louisiana Ry. & Nav. Co.,* 38 So. Rep. 427. This plea was based upon litigation between plaintiff and defendant's grantor, involving the right of plaintiff to construct the ditch which she now seeks to condemn the right of way for, without having first secured the right of way.

Appellant complains bitterly because the trial court did not compel plaintiff to pay defendant's attorney fees, amounting to $250.00. The statute makes no provision for the payment of such attorney fees, and the trial court would not have had the right to make such an order.

Inasmuch as the validity of plaintiff's attempted appropriation of the waste and surplus waters flowing from defendant's ditch cannot be determined in this proceeding, we decline to discuss the questions raised as to the rights of the owners of the White ditch and others who were not parties and whose alleged rights could not be adjudicated in this proceeding if they had been.

Failing to find any substantial error in the record, the judgment of the district court will be affirmed.                     *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GODDARD concur.