[No. 6015.]

Tegeler v. Schneider.

1. **Eminent Domain — Jurisdiction — Injunction** — The final rule must follow the statute. The court has no jurisdiction, by an order entered in proceedings to condemn a way for a ditch, to quiet the title of the proprietor thereof to waste water from another ditch, nor to prohibit the locking of the headgate of such other ditch, nor to authorize the petitioner to enter the lands of the proprietor of the other ditch, in order to open the headgate thereof, nor to authorize the sheriff to enter upon such lands to break locks upon the headgate of such other ditch. —(576)

2. **Contempt—Void Injunction—Violation**—It is no contempt to violate an injunction awarded by a court acting without jurisdiction.—(577, 578)

3. **Cases Overruled, Explained or Distinguished**—The opinion in Schneider v. Schneider, 36 Colo. 518, explained.—(577)

*Error to Denver District Court*—Hon. JOHN I. MULLINS, Judge.

Mr. J. W. HELBIG for plaintiff in error.

Mr. O. N. HILTON and Mr. C. A. ROBERTS for defendant in error.

This alleged contempt grows out of the final rule or judgment of the district court in *Schneider v. Schneider,* reported in 36 Colo. 518, an eminent domain proceeding to condemn a right of way for an irrigating ditch from the end of the Epperson lateral to plaintiff's land. Petitioner has no interest in said Epperson ditch, but wishes to carry waste water from its end to her land. Said final rule, in addition to the usual provisions in such a judgment, enjoined the obstruction or interference with the flow of the waste water that may come or flow at any time through said Epperson ditch, and restrained respondent in that proceeding from at any and all times diverting at any place, the waste water or any part thereof from said Epperson ditch, and commanded that a free and unrestricted flow of said water be allowed into petitioner's ditch.

An order was afterwards entered in said proceeding, which, *inter alia,* commanded plaintiff in error to desist from locking or fastening the headgate of said Epperson ditch, or in any manner securing the same so that it could not be readily opened. Another order was later entered in said proceeding which provided, *inter alia,* that the sheriff go upon the lands of plaintiff in error Tegeler, and break all locks and fastenings placed by him on the headgate of said Epperson ditch, and leave said headgate in position to be opened at all times, and forbidding him, and all and every person to re-lock or re-fasten said headgate, and commanding them to leave it so that at all times it could be readily opened; and find-

ing that the defendant in error has the right and she is thereby permitted to go upon the land of plaintiff in error to open the headgate of said Epperson lateral, and allow water to flow down to her land, and enjoining any interference with her while so doing. July 30, 1906, plaintiff in error was found guilty of contempt for violating said injunction, and September 19, 1906, judgment was pronounced imprisoning him three months in the county jail, and commitment issued commanding the sheriff to take him into custody and confine and safely keep him in the county jail of the city and county of Denver for a period of three months, from and after said date. The case is here upon writ of error to review said judgment and order of commitment.

Mr. Justice Garrigues delivered the opinion of the court:

1. The district court exceeded its authority in entering an injunction in said final judgment and in making said subsequent orders. No jurisdiction attached in the eminent domain proceeding to do these things, and the proceeding in that regard was *coram non judice.* The order and judgment of commitment for contempt are void. No one can be punished for contempt for violating an injunction granted without jurisdiction.—*Newman v. Bullock,* 23 Colo. 217; *Tebbetts v. People,* 31 Colo. 467; *Smith v. The People,* 2 Col. App. 99.

2. Eminent domain proceedings are *sui generis.* —*Knoth v. Barclay,* 8 Colo. 300. After the regularity of the proceeding and the necessity for the taking have been settled, the commission or a jury must find: First, An accurate description of the land taken; Second, The value of the land or property actually taken; Third, The damages, if any, to the residue of such land or property; and, Fourth, The

amount and value of the benefit. The statute expressly provides what the rule based thereon shall contain. It must correspond to the issue and the verdict.

3. But it is said the judgment of the lower court in the main suit was affirmed as a whole by the supreme court, therefore the injunction stands. The only thing decided by the supreme court was, that petitioner had a right to condemn a strip of land for a right of way for her irrigating ditch from the end of the Epperson lateral to her land. The court expressly stated that injunction was not an issue embraced in the record in that case. It said:

"The fifth reason assigned as to why this judgment should be reversed, is that there is a misjoinder of the causes of action, because a statutory action to condemn, and a bill for injunction to restrain an alleged diversion of water, may not be joined. We have searched the petition in vain for an allegation concerning a diversion of water prejudicial to defendant's rights, and also for a suggestion requiring injunctive relief, and are unable to learn from an inspection of the petition how counsel arrived at the conclusion that the action was brought for such purpose, or for any purpose other than the condemning of the strip of land."—*Schneider v. Schneider,* 36 Colo. 523.

The supreme court did not recognize any such thing as injunction in the case.

4. The lower court had no jurisdiction over the subject-matter or things in the eminent domain proceeding which are the basis of this contempt. The court attempted, in that proceeding, to quiet petitioner's title to said waste water; to determine its right to be carried through the Epperson lateral; to regulate the headgate and management of said lateral and to compel its operation in such a manner that it

(37)

would make seepage water for defendant in error. These matters were the basis of the alleged contempt and were all without the jurisdiction of the court. Trial courts have no power to do such things in an eminent domain proceeding. It follows, therefore, that the judgment in contempt based on these matters, was void for want of jurisdiction to entertain them in the eminent domain proceeding.—*D. P. & I. Co. v. D. & R. G. R. R. Co.*, 30 Colo. 215; *Schneider v. Schneider*, 36 Colo. 523; *Mabee v. Platte Land Co.*, 17 Col. App. 479.

Reversed, with directions to the lower court to dismiss the contempt proceeding at the cost of the defendant in error.          *Reversed.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE MUS-SER concur.