On the Merits.
-By Division B, composed of DAWKINS, LAND, and LECHE, JJ.
DAWKINS, J.
The Lumberman’s JBank & Trust Company, hereafter called defendant, obtained against the De Ridder Light & Power Company, a judgment upon two notes -for $5,000- each, .with interest, and seized the electric power plant and accessories in the town of De Ridder. Thereupon, Morgan & Co., Inc., herein called plaintiff, enjoined the sale, claiming ownership of the property, including the plant and land upon which it was situated, together with all appurtenances.
Defendant then appeared and filed what it termed a motion to dissolve the injunction, in which it alleged the following:
“I.
“That the allegations 'of fact/ contained in said petition and the affidavit thereto attached, which constitute the basis for the issuance of the said writ of injunction, are false and untrue.
“II.
“That intervener and third opponent’s petition discloses no cause or right of action against your appearer which entitles it to the writ of injunction herein sued out, and especially for the reasons following (among others), to wit:
“III.
- “That, as the basis of its right to the said writ of injunction, intervener and third opponent claims the ownership of the property seized under the writ of fi. fa. issued in this cause, by virtue of a certain ‘purported’ deed, claimed to have been executed in its favor by the said De Ridder Light & Power Company, Inc., purporting to convey to intervener and third opponent all of the property — real and personal, corporeal and incorporeal — owned by the said De Ridder Light & Power Company,Inc.; said instrument purporting to have been executed by the president and secretary of the said De Ridder Light & Power Compariy, Inc., by virtue of a resolution of its board of directors.
“IV.
“That said instrument is null and void, and conveyed no right or title in and to said property from the said De Ridder Light & Power-Company, Inc., to the said Morgan & Co., Inc., and is of no effect whatsoever as against your appearer, a seizing creditor thereof, for the reasons:
“A. That such a transfer, even if otherwise real (which is denied), is ultra vires of the alleged vendor corporation, and against public policy, and, therefore, null and void.
“B. That the'said De Ridder Light & Power Company, Inc., being a quasi public corporation, *922 enjoying privileges and franchises from the city of De Ridder and the state of Louisiana, the said ‘purported’ transfer from itself to 'the said Morgan & Co., Inc., is a violation of its contract with the state and the said municipality, ultra vires and contrary to public policy; and hence, for this further reason, is null and void.
“C. That, in the event said instrument be not held void on the grounds above mentioned, then and in that event the said president and secretary, who purported to act for the said De Ridder Light & Power Company, Inc., in the said ‘purported’ transfer, were without any authority whatsoever so to do; and that, in so far as said officers sought to bind the said De Ridder/Light & Power Company, Inc., inlaid ‘purported’ transfer and to affect the rights of your appearer as a creditor of the said De Ridder Light & Power Company, Inc., on the said assets of the said De Ridder Light & Power Company, Inc., .their said act has no more force and effect than the act of mere-strangers; and that, therefore, for this further reason, said instrument is null and voicl, and of no effect as against your appearer.”
In response to this motion,- plaintiff filed a pleading asking that the said motion of defendant he ordered to stand as an answer, and in the alternative that it be compelled to elect as to whether it would stand upon its denial of the allegations of the petition, or upon the exception of no cause of action; that in paragraphs 3 and 4 of the motion defendant sought to attack plaintiff’s title to the property, which' was likewise inconsistent with the plea of no cause of action. The prayer of this last pleading was conformable to its allegations.
The lower court .overruled'the plea, and the case went to trial in this shape. At the opening of the trial the following appears in the minutes:
“Friday, March 24, 1922.
“Called on motion to dissolve writ of injunction. Motion argued and case is submitted as of date the transcript of evidence is filed with the clerk of court.”
And at the beginning of the note of evidence, we find the following:
“Defendants object to the filing of the motion in injunction; for the reason that same comes too' late, it cannot be considered by the court at this stage of the proceedings.
“The Court: The objection is overruled, and the pleading is permitted to be filed. After hearing argument from counsel on both sides as to the subject-matter of the motion, the motion is refused.
“Counsel for plaintiff in injunction and third opponent, in view of the court’s ruling on the application to cause counsel to elect or to cause his pleading' to stand as an answer to the injunction suit, counsel for the plaintiff in injunction and third opponent, moves to strike from the record the alleged pleading or motion of'the defendant in injunction, on the ground that it is a collateral attack on- the recorded title and deed, and seeks on a collateral matter to test the legality of the instrument declared upon, which is not permissible under the law.
“The Court: The motion of counsel for defendant is refused.”
In the ruling last quoted, the court evidently meant plaintiff where it said “defendant.”
Defendant then launched into an effort to prove by the city attorney and clerk the nature of the franchise granted the De Ridder Light & Power Company, which was prompt.ly met with the objection “that it is a col-' lateral attack upon the authentic recorded instrument executed in favor of third opponent and plaintiff in injunction attached to the petition in injunction and especially made the subject-matter of allegations in the petition for injunction,” which was overruled. Whereupon, defendant offered in evidence the copy of franchise, and plaintiff again objected upon the further ground that such evidence was “irrelevant and inadmissible under the pleadings.”
Defendant next sought to prove by j;he same witness that no authoz-ity had been obtained from the town of De Ridder for the transfer of the property by the Power Company, to plaintiff. This was objected to upon the same grounds “stated above,” and by agreement of counsel was made general. It then offered in evidence the “entire record” *924 in the former suit betweem the Bank and' Power Company, which was also objected to as irrelevant and inadmissible under the pleadings, and the objection was overruled. It was next proven that the minute book of the De Ridder Light & Power Company, on the occasion of the trial of the case between the defendant Bank and the said Power Oomphny, had been examined by certain witnesses and found to contain no minute authorizing the sale,of the property to plaintiff. This was also done over the objection that it was. irrelevant and immaterial, and upon the further ground that the minute book was the best evidence, after it had been shown that a subpoena duces tecum upon the Power Company had failed to produce said book. The object of introducing the evidence was, of course, to show that, long after the date plaintiff claimed to have purchased the property, no such resolution or authority appeared in the corporate records of the De Ridder Light & Power Company. The evidence of these witnesses was further corroborated by the identification and introduction in evidence of a copy of the minutes contained in said book, made by a stenographer about the date of said first trial. Similar objections were made and overruled.
During the taking of the testimony of the young lady stenographer, counsel for plaintiff, after making the objection that the minute book itself was the best evidence, reminded the court that the officer of the Power Company upon whom service of the subpoena duces tecum had been made was present in open court, and asked that he be called for making return thereto; it appearing that up to that time none had been made, counsel stating that he would testify that the book was not in his possession or under his control, and for that reason could not be produced in court.
The response of the court was:
“If you want to make a return to the writ, make it in the proper form,”
—and the trial proceeded, the court permitting the introduction of this secondary evidence.
The note of evidence does not show it, but we presume that defendant rested after completing this line of evidence, for we find in the middle of the page with a slight indentation:
“Plaintiff in injunction and third opponent offers in evidence the petition and the documents thereto attached.”
The documents attached were the deed from De Ridder Light & Power Company to plaintiff covering the property seized, showing its recordation in the conveyance office of the parish on August 20, 1920, and the advertisement of the property for sale by the sheriff.
One C. Rhodes was then called to the stand, and, after being sworn, counsel for plaintiff, it would seem from the note of evidence, commenced to dictate the following futo the record:
“Mr. Rhodes, upon whom the subpmna duces tecum was served in this case for the production of the minute book of the De Ridder Light and Power Company, begs leave to make the following return to the court under oath:
“I have been assistant manager of the De Ridder Light & Power Company, or rather the plant belonging to Mr. Morgan & Co., since February 15th, when I received the duces tecum, sued out in this case, for the production of the books of the De Ridder Light & Power Company, I mean the minute book. I made diligent search for the same among the files and at the office of the De Ridder Light & Power Company, or rather the Morgan & Co., at De Ridder, and could not find it. I was only served with this subpoena on' yesterday,”
—when objection was made that the record was the best evidence, and Rhodes was then examined and cross-examined as to the whereabouts of the minute book; the net result being that the witness had not been able to locate it.
Then appears the notation, “Both sides close.”
*926 There was judgment for defendant dissolving the injunction, and awarding it damages for attorney’s fees in the sum of $750. Plaintiff appeals.
Opinion.
It is thus seen that the whole ease has been disposed of on the merits, for there is nothing left to plaintiff if all of the property which it alleges belongs to it is permitted to be sold. The first paragraph quoted above clearly denied the facts upon which the injunction was obtained, and should have been considered as an answer. Unlike attachment, sequestration, etc., which are always ancillary remedies to some principal demand, the writ of injunction, often, as in the present ease, constitutes the sole relief sought, and to dissolve it disposes of the case. Of course, where the ground for dissolution consists of some alleged irregularity in the proceedings, like the insufficiency of the bond, improper affidavit, etc., or other informality, it may be dissolved without a trial on the merits, for such causes. But a motion to dissolve on the ground of the falsity of the allegations to support the writ should be referred to the merits and treated as an answer, or defendant should be directed to answer the petition as required by the pleading statute.
In a similar situation in the case of N. O. Waterworks Co. v. Joseph Oser & Co., 36 La. Ann. 919, we said:
“And there is as little doubt that the allegations made in the motion or rule to dissolve make a direct issue with the averments of the petition. It is denied therein that there is any injury whatever, and the acts against which the injunction is directed are admitted and justified as being done under competent authority. In other words, the motion is in all essential respects an answer to the merits. To admit evidence on the issues thus raised and to try the same would be virtually a trial of the case on the merits.
“We cannot conceive that there is any law to authorize this summary and perhaps final disposition of the cause in this preliminary stage of it. The articles of the Code of Practice evidently do not justify it. * * *
“This conclusion we think is supported by ample authority. State v. New Orleans, 26 A. 304; Levine v. Michell, 34 A. 1181. See, also, Williams v. Douglass, 21 A. 468; Heyniger v. Hoffnung, 29 A. 58.”
See, also, Xavier Realty Co. v. Louisiana R., etc., Co., 114 La. 437, 38 South. 427.
Defendant nowhere alleges in the motion that the transfer from De Ridder Light & Power Company was a simulation, but pitches its contention that the act was without effect, to such extent that it might be ignored and real property seized, upon certain alleged nullities resulting from the nature of the business for which the property was used, and upon certain alleged irregularities with respect to the authority of those purporting to represent the vendor to make thq sale.
Inasmuch as we have decided to remand the case to permit further answer by defendant and a regular trial on the merits, We will defer passing upon these issues at this time. We do not think defendant should be deprived of this right by the erroneous ruling of the lower court in its favor. It may be that nothing further can or will develop upon another trial, and that the litigants would be willing to submit the case to us upon the record as it now stands. If so, this can be disclosed on the application for rehearing.
For the reasons assigned, the judgment of the lower court is" annulled and set aside, and this case is remanded to be proceeded with according to law and the views herein expressed, with the right to defendant to answer, and in default thereof within a delay to be fixed by the judge the motion to dissolve, heretofore filed, to stand as such. Appellee to pay costs of this appeal, all other costs to await final judgment.