## No. 10,821.

### HAVER, ET AL. v. MATONOCK.

Decided April 7, 1924.   Petition for rehearing stricken May 5, 1924.

Proceeding in eminent domain.   Judgment of dismissal.

*Reversed.*

#### On Application for Supersedeas.

1. EMINENT DOMAIN—*Commission—Presumption.* On review of eminent domain proceedings, the presumption is that a commission, like a court, considered all the competent evidence admitted and did not consider other than competent evidence.

2. APPEAL AND ERROR—*Eminent Domain.* On review of a judgment of dismissal in eminent domain proceedings, where the record discloses evidence which would justify the commission in finding a necessity for the taking, the question presented is whether there is any evidence warranting the finding, which was made, that no necessity existed.

3. EMINENT DOMAIN—*Necessity for the Taking—Pipe Line.* In pro-

ceedings to condemn land for a pipe line for the carriage of water, the question of necessity does not involve the question of whether there was any water in existence which petitioner could use.

4.      *Necessity for the Taking—Sufficiency of Evidence.* On review of the record in an eminent domain proceeding, it is held that there was no competent evidence to show absence of necessity, and a judgment of dismissal based on a finding of lack of necessity, is reṽersed.

*Error to the District Court of Pueblo County, Hon. Samuel D. Trimble, Judge.*

Mr. JOHN H. VOORHEES, Mr. W. O. PETERSON, for plaintiffs in error.

Mr. M. J. GALLIGAN, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is a proceeding under the Eminent Domain Act. It was instituted by the filing of a petition in the district court of Pueblo county wherein it is alleged that the petitioners own tracts of land in the town of Rye, in Pueblo county, which can be supplied with water from "Zorn Arroya" which is described as "a tributary of Graneros Creek, a tributary of Greenhorn Creek, a tributary of the St. Charles River in Water District No. 15." It is further alleged, among other things, that petitioners' lands can be supplied with water through a pipe line laid across the land of the defendant, Paul Matonock. It is sought to condemn a strip of Matonock's land for the purpose of laying the pipe line thereon.

To the petition, Matonock filed an answer, denying most of the allegations of the petition, and alleging, among other things, that there is no "Zorn Arroya" or arroya of any kind in the locality mentioned in the petition, and that there is no water available for the ditch and pipe line referred to in the petition, except from the "Matonock," Spring on defendant's land; that defendant has a prior right to the waters of the spring, and that all of said waters are capable of being used on his land.

The answer was filed June 30, 1922. On February 3, 1923, the defendant filed an application for the appointment of commissioners to determine the necessity for the taking involved in this proceeding. The court granted the application. The commissioners found that no necessity existed for the taking. Thereafter the proceedings were, by the court, dismissed, and the petitioners or plaintiffs have sued out this writ of error, and the cause is now before us on their application for a supersedeas.

The principal contention of the plaintiffs in error is that the court erred in refusing to set aside the finding of the commissioners. On review, the presumption is that a commission, like a court, considered all the competent evidence admitted, and did not consider other than competent evidence. 4 C. J. 780, § 2730. The record shows that there is such evidence as would have justified the commission in finding that a necessity existed for the taking sought by plaintiffs. The question presented to us for our determination is whether there is any evidence warranting the finding, which was made, that no necessity exists.

The only evidence relied on by defendant to support the finding of the commission is that which tends to show that there is in existence no water which the plaintiffs ever could have appropriated or can appropriate, and that defendant already has, and is entitled to use, all of the water which plaintiffs desire to convey through the proposed ditch and pipe line. In his brief, defendant says: "If there was no Zorn Arroya, or if there was no water, then there could be no necessity for the pipe line." Further on, he says: "Petitioners certainly have not shown that they had any water, and if without water, the pipe line would be of no use, and consequently not a necessity."

We cannot hold that the question of necessity involves the question whether there is any water in existence which petitioners can use. To so hold would be to allow the commissioners, whose sole function is to determine the necessity for the taking, to determine questions of priority

of appropriations of water, and, in this case, to determine the extent to which the several parties concerned in this proceeding may use waters from the Matonock Spring or any waters found in the "Zorn Arroya," if such arroya exists. It was not the duty of the commissioners, appointed in this case, to pass upon such questions. Their duty, under the order and the instructions of the court, was solely to determine the necessity of the plaintiffs' proposed ditch and pipe line for the intended use; not whether the plaintiffs had any right to the use intended, nor whether the intended use could ever be consummated. The question of necessity does not involve the right to condemn, nor whether plaintiffs could ever make use of the property sought to be condemned if they obtained it. The question of necessity simply involves the necessity of having the property sought to be taken for the purpose intended. The views above expressed are supported by the language of the syllabus of the opinion in *Gibson v. Cann,* 28 Colo. 499, 66 Pac. 879, where it was said that, "in determining the question of necessity for taking lands sought to be condemned for right of way for irrigating ditches * * *, the question as to * * * what petitioner may be able to accomplish in the way of obtaining water which can be utilized through his proposed ditch * * *, cannot be inquired into."

In *Schneider v. Schneider,* 36 Colo. 518, 86 Pac. 347, this court in considering the question of necessity for the construction of a ditch for which it was sought to condemn a right of way, said: "As to whether or not there is sufficient water for plaintiff's use, or as to whether or not the plan is a practicable or feasible one, is a matter which cannot be determined in a proceeding of this character. (Citing *Gibson v. Cann, supra.*)

"The various questions which may arise as to the right to appropriate the water cannot be here determined. * * *."

Further on, the court said: "Appellant contends that a nonsuit should have been granted because plaintiff failed

to prove that she was the owner of a water right or had made an appropriation of water. We are not inclined to concede this contention. An action under the eminent domain act cannot be converted into an action to quiet title. So far as it is concerned it must remain an action in eminent domain, and no issue can be injected into the case which will change its character." *D. P. & I. Co. v. D. & R. G. R. R. Co.,* 30 Colo. 215."

The evidence presented by defendant before the commissioners for the purpose of disproving necessity was not, for reasons above indicated, relevant to the question of necessity, as that term is used in proceedings of this kind. There was, in fact, no competent evidence to show absence of necessity. It was error not to set aside the findings of the commission, because there was no evidence on which the findings could be based.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE BURKE concur.