## No. 10,803.

### COLORADO AND UTAH COAL CO. *v.* WALTER.

Decided June 2, 1924.

Action under the Declaratory Judgments Act. Judgment for plaintiff.

### *Affirmed.*

1. ACTIONS—*Declaratory Judgments Act—Applicability.* Chapter 98, S. L. '23, held applicable to a dispute over the right to the use of spring waters not tributary to any natural stream.

2. EMINENT DOMAIN—*Feasibility of Project.* In an eminent domain proceeding the defendant cannot contest the feasibility of petitioner's project.

3. EVIDENCE—*Judicial Notice.* Courts will not take judicial notice that a spring has a certain location and is tributary to a natural

stream, in the face of a positive declaration to the contrary in a complaint, which is not denied by the answer.

4. PLEADING—*Demurrer—Facts.* Allegations of a complaint are to be taken as true on general demurrer, and require no proof in the face of defendant's refusal to plead thereto.

*Error to the District Court of Routt County, Hon. Charles E. Herrick, Judge.*

Mr. F. R. CARPENTER, Messrs. DINES, DINES & HOLME, Mr. HAROLD D. ROBERTS, for plaintiff in error.

Messrs. GOODING & MONSON, for defendant in error.

*Department One.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order in the trial court and are hereinafter designated as there.

Plaintiff brought this action under the "Declaratory Judgments" Act (chap. 98 L. 1923), and prayed judgment declaring the respective rights of the parties hereto in certain waters described in the complaint. Defendant demurred for want of facts, and, on the overruling of that demurrer, elected to stand thereon. Plaintiff thereupon moved for judgment on the pleadings. That motion was sustained and to review the judgment so entered defendant prosecutes this writ.

The complainant recites that in 1915 plaintiff made homestead entry on a tract of land in section 22, T. 6 N. of R. 87 W. of the 6th P. M. in Routt county and thereafter received patent thereto; that "There was then on the land and prior thereto, a bog or seep, the waters whereof arose to the surface and then disappeared by evaporation or percolation back into the ground, but did not form or become a part of a natural or other stream and did not flow from said bog, and they are capable of use on the lands aforesaid"; that he made certain improvements and developments in and about said bog or seep which caused an increase in the flow of the water and its discharge "down the gulch wherein it is situated"; that since that time

he has "constantly made use of said waters for domestic purposes" and appropriated all thereof, and plans a further and enlarged use of the same by means of contemplated improvements, which he describes; that defendant has filed with the county clerk a plat of this spring, assumed to institute an appropriation therefor, and has commenced against plaintiff an action in eminent domain to condemn a right of way for a pipe line across plaintiff's land to the spring in question.

Plaintiff claims this water: (1) Under the spring and seepage statute; (2) as "developed" water; (3) as an appropriation by diversion and use. Of these claims the first only requires consideration.

The Spring and Seepage Act (section 1637, C. L. 1921) provides: "That the person upon whose lands, the seepage or spring waters first arise, shall have the prior right to such waters if capable of being used upon his lands."

The validity of that act, so far as it relates to water which is in no sense tributary to a stream, has never been denied by the courts and is not now disputed.

The contentions of defendant, as to this claim of plaintiff are: (1) That the Declaratory Judgments Act is inapplicable; (2) that the court will take judicial notice of the fact that this spring is situated about a mile from, and in the basin of, the Yampa river, and is a tributary thereof.

1. Defendant says the Declaratory Judgments Act is not applicable, and the trial court was without jurisdiction, because owners of adjudicated priorities on the Yampa river were not made parties and hence no judgment herein can terminate this controversy. But if, as alleged in the complaint, the waters in question never became any part of the Yampa, appropriators from that stream are not concerned in the litigation. The controversy is between plaintiff and defendant, and a judgment herein will terminate it. Section 12 of the act asserts that its purpose is "to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal re-

lations," etc. In the instant case it appears that such uncertainty and insecurity exists. Both parties claim a right to the water in question. Defendant proposes to take property, admitted to belong to plaintiff, to enable it to reach and take this water which plaintiff claims. Under our decisions plaintiff can not, in the eminent domain case, contest the feasibility of defendant's scheme, or its right to take the water of said spring. If these facts do not furnish a proper basis for an action under the Declaratory Judgments Statute it is difficult to conceive of any good purpose to which that legislation can be put.

2. It may be the court will take judicial notice of the fact that this seep, or bog, or spring, is about a mile from, and in the basin of, the Yampa river. If so the court would, in the absence of a contrary allegation, assume that the water in question would ultimately reach the Yampa and hence would consider it tributary to that stream. But upon what theory it is contended that it will take judicial knowledge of the latter facts as against a positive declaration to the contrary and uphold a general demurrer on that judicial assumption, is not clear to us. It is not true that they are an inevitable and well known scientific result of the facts admitted. We can think of countless circumstances and combinations of circumstances which might make the assumption of tributary water a false one. Certainly the contrary allegation must be taken as true on general demurrer, and required no proof in the face of defendant's refusal to plead thereto.

For the foregoing reasons the judgment is affirmed.

Mr. Chief Justice Teller and Mr. Justice Allen concur.