No. 17,937.

R. E. MORTENSEN, ET AL. *v.* RANDALL C. MORTENSEN, ET AL.
(309 P. [2d] 197)

Decided April 1, 1957.

Mr. HENRY BLICKHAHN, for plaintiffs in error.

Messrs. MOSES & DESOUCHET, for defendants in error Randall C. Mortensen and Helen M. Mortensen.

*In Department.*

Mr. JUSTICE DAY delivered the opinion of the Court.

THE parties are here as they appeared in the trial court.

Plaintiffs filed a petition to condemn certain lands owned by defendants in order to obtain a reservoir site pursuant to C.S.A. '53, 147-5-1, et seq. The procedure in Eminent Domain was strictly followed as provided in C.S.A. '53, 50-1. A commission of three freeholders was appointed to determine the *necessity for the taking.* They examined the site and heard the testimony of witnesses and reported to the court that "the taking of the proposed land for the reservoir site is not necessary." The trial court accepted the report and "findings" and entered judgment dismissing the plaintiffs' petition. The plaintiffs assign error.

SOLE QUESTION TO BE DETERMINED:

*Does the report of commissioners in Eminent Domain proceedings, unsupported by any findings and based on undisputed evidence, bind the court?*

The question is answered in the negative.

In this case the evidence is undisputed that there could be no reservoir constructed without the taking of the land in question. The map and data filed pursuant to statute and received in evidence confirm the fact and the records shows the commissioners examined the site. The issue of necessity was not raised either by the pleadings or the evidence introduced by defendants. The only evidence presented in opposition to plaintiffs' prima facie case was testimony (1) concerning the practical difficulties of operation of the reservoir and the impossibility of complete drainage; (2) that the Colorado-New Mexico interstate compact, C.R.S. '53, 148-5-1, would probably preclude petitioner from obtaining water for storage; (3) much loss of water would be occasioned by evaporation; (4) that because of these enumerated difficulties the construction was not feasible.

Defendant R. E. Mortensen testified he owned the land sought; that the particular area was so situate that it formed a natural lake in which water gathered and

remained except that in recent years it had become unusually dry. He said he refused to sell to plaintiffs and would not sell at any price. It is obvious from his testimony that the site of the reservoir would *of necessity* include his land. Whether the Mortensen land was necessary to construction of the reservoir was the sole question to be determined by the commissioners.

In this case no answer was filed denying the necessity for the taking, and the court would have been justified in not appointing commissioners. It was so held in *Rothwell v. Coffin,* 122 Colo. 140, 146, 220 P. (2d) 1063, wherein the court stated:

"From the above cited cases it is clear that under the circumstances here present the appointment of a commission would have been useless procedure, and no error was committed by the respondent [district court] in refusing to name commissioners for the purpose of determining a question which they could not lawfully consider."

In the case before us the court, having named the commissioners and then discovering from reading the transcript that the testimony and other evidence considered by the commissioners was outside of their prerogative, should have set aside the report and instructed them to consider the question of damages only. All of the evidence presented by the respondents before the commissioners was irrelevant and objectionable, having no bearing on the only issue the commissioners were authorized to determine.

In *Gibson v. Cann,* 28 Colo. 499, 66 Pac. 879, a commission was appointed to ascertain the necessity for taking lands sought to be condemned for a ditch and reservoir. On the issue of necessity, the commission was permitted to consider evidence relating to the practicability and feasibility of obtaining water from sources which it was intended to supply the ditch and reservoir. It was contended by the objecting landowners that the supply of water available was insufficient to be of any

practical benefit. The court in considering this question stated:

"On oral argument it was suggested by counsel for appellant that in determining the question of· necessity the feasibility and practicability of the enterprise inaugurated by appellant were not relevant. This is the material proposition in the case. The constitution and statutes have vested appellant ·with the authority to exercise the power of eminent domain for the purpose for which he seeks to condemn the land in question. Except as thus restricted his discretion cannot be controlled by the courts. *Warner v. Town of Gunnison,* 2 Colo. App. 430; 2 Lewis' Eminent Domain, (2d ed.) section 393. The question of necessity in condemnation proceedings presents itself in various aspects. What is proper to consider in determining this question will vary according to the circumstances of each particular case. There is certainly nothing in the constitution or the statutes on the subject of eminent domain from which it can be inferred that in investigating the question of necessity the courts can consider whether the petitioner is seeking to launch an enterprise which will be a financial success or not. Courts cannot say that a party shall not carry out an enterprise because it cannot succeed. Such matters must be left entirely to the discretion and judgment of the promoters. It is solely the province of petitioner to determine the feasibility of constructing the proposed ditch and reservoirs."

*Rothwell v. Coffin, supra,* contains these citations which are pertinent:·

"In *Pine Martin Mining Co. v. Empire Zinc Co.,* 90 Colo. 529, 11 P. (2d) 221, the question of necessity for the taking of property arose. We there stated: 'Whether or not an enterprise is feasible or practicable, and whether or not it will be a financial success, cannot be inquired into even by commissioners charged with the duty of determining the question of necessity. *Gibson v. Cann, supra; Haver v. Matonock,* 75 Colo. 301, 225 Pac.

834; *Schneider v. Schneider,* 36 Colo. 518, 86 Pac. 347. And clearly such questions are not for the determination of the court in limine. In *Colorado & Utah Coal Co. v. Walter,* 75 Colo. 489, 226 Pac. 864, we said that a respondent in a proceeding to condemn a right of way for a pipe line cannot contest the feasibility of the enterprise or the petitioner's right to take the water of a spring.'

"In *Haver v. Matonock,* 75 Colo. 301, 225 Pac. 834, this court considered the scope of the inquiry permitted to a commission appointed to determine the necessity for taking property in condemnation proceedings. In that case the landowners argued that, 'Petitioners certainly have not shown that they had any water, and if without water, the pipe line would be of no use, and consequently not a necessity.' In deciding the issue against this contention, we said: 'It was not the duty of the commissioners appointed in this case, to pass upon such questions. Their duty, under the order and the instructions of the court, was solely to determine the necessity of the plaintiffs' proposed ditch and pipe line for the intended use; not whether the plaintiffs had any right to the use intended, nor whether the intended use could even be consummated. The question of necessity does not involve the right to condemn, nor whether plaintiffs could ever make use of the property sought to be condemned if they obtained it. The question of necessity simply involves the necessity of having the property sought to be taken for the purpose intended.' "

The judgment of the trial court is reversed and the cause remanded with directions to reinstate the petition, appoint commissioners to determine the question of damages, and to entertain such further proceedings as may be appropriate under the pertinent statutes.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE KNAUSS and MR. JUSTICE FRANTZ concur.