## DOLORES NO. 2 LAND AND CANAL COMPANY v. HARTMAN.

1. COSTS IN CONDEMNATION PROCEEDINGS.—Under the constitution, respondent, whose property is taken against his will through condemnation proceedings, is entitled to recover his court costs reasonably incurred in such proceedings. The common law rule forbidding the recovery of costs by either party in actions at law does not control.

2. POWER OF COURTS TO REFUSE TAXATION OF COSTS.—But trial courts in this as well as in other proceedings possess discretionary power to refuse a taxation in respondent's favor of costs contumaciously or unreasonably incurred. And the legislature may make a reasonable regulation imposing upon him the payment of costs incurred upon an appeal by him from the award.

3. WHEN STATUTORY DEPOSIT COVERS COSTS.—The costs in question are a part of the judgment, which judgment is always conditional. If petitioner elects to take the title, or if he has secured preliminary possession under the statute, the deposit which he is required to make covers costs incurred by respondent as well as the value of the property taken, and no execution is necessary.

4. OBTAINING ILLEGAL POSSESSION OF PROPERTY.—Where judgment
is entered for petitioner, and he obtains possession of the property
without payment of the costs awarded respondent, such possession
is to that extent illegal.

*Appeal from District Court of La Plata County.*

Messrs. PERRY & CARPENTER and Mr. C. M. KENDALL,
for appellant.

Messrs. RUSSELL & McCLOSKEY, for appellee.

MR. JUSTICE HELM delivered the opinion of the court.

Upon the oral argument all questions raised by the as-
signments of error and briefs were abandoned save the one
relating to costs. This is a proceeding under the eminent
domain statute, and the order of the court, which for all
practical purposes constitutes the final judgment, allowed
respondent Hartman, the owner of the premises condemned,
his court costs expended in connection therewith. It is
contended that in condemnation proceedings under our stat-
ute neither party can recover costs, and hence that the
order of the court is in this respect erroneous.

The eminent domain act is entirely silent upon this sub-
ject. And there are decisions which hold that under these
circumstances the common law rule forbidding the recovery
of costs by either party in actions at law is decisive against
such recovery. *Metler v. E. & A. R. R. Co.*, 37 N. J. Law,
222; *Gifford v. Dartmouth*, 129 Mass. 135. These cases
proceed upon the theory that condemnation proceedings are
governed by the cost rule prevailing at law rather than that
existing in equity; if correct in this particular, they would
settle the question at bar were it not for a constitutional
inhibition which is in our judgment pertinent and controlling.

Section 15 of the Bill of Rights declares, *inter alia*, " that
private property shall not be taken or damaged for public or
private use without just compensation; " a declaration which

is repeated at the beginning of the eminent domain act. The undeniable intent of this provision is to secure the land owner, whose property is taken against his will, a fair compensation therefor. It cannot have been the purpose of the constitutional convention to require payment by the owner of costs reasonably incurred in the proceeding whereby his premises are taken. In some instances such costs will amount to nearly or quite as much as the compensation awarded. But if the owner must disburse for costs the money received for his land, the compensation cannot be regarded as "just" within the meaning of the constitutional guaranty. However it might be as to attorney's fees and other like expenses, we do not hesitate to say that the spirit of the constitution clearly covers the class of expenses usually taxed as costs. Hence, though it be conceded that the statute relating to costs in ordinary civil actions cannot apply, courts should nevertheless award them to respondents in condemnation proceedings. We do not assert that if respondent appeals from an award, the legislature or court may not make a reasonable regulation or order requiring him under proper circumstances to bear the whole or a part of the costs of the appeal. Upon this subject, see generally: Lewis on Eminent Domain, sec. 559; Mills on Eminent Domain, (2d ed.,) sec. 335; *C. & M. R. R. Co. v. Bull*, 20 Ills. 218; *In re U. & D. R. R. Co. v. Gross*, 31 Hun 83; *T. A. A. & G. T. R. R. Co. v. Dunlap et al.*, 47 Mich. 456.

Nor does the foregoing view burden petitioner with the payment of costs contumaciously or unreasonably incurred by a respondent during the progress of the proceedings. Such costs are not legitimately a part of the constitutional compensation, and trial courts possess discretionary power to refuse a taxation thereof.

A further question arises in this connection from the peculiar phraseology employed in the court's judgment or order. The language is: "Ordered and adjudged that petitioner take and have possession of and hold and use * * * the premises described in the verdict of the jury, to wit: * * *

upon payment of full compensation as ascertained by said jury, to wit: * * * and all the costs of this proceeding taxed at $——, and hereof let execution issue." A reversal is insisted upon on account of the concluding clause authorizing the issue of an execution.

The judgment in condemnation proceedings is always conditional. Thereunder petitioner may pay the award and take title to the property ; or he may abandon the proceedings and thus incur no liability for the sum awarded as the value of the property. And this is true even in cases where by virtue of the statute he has obtained preliminary possession pending trial. *D. & N. O. R. R. Co. v. Lamborn*, 8 Colo. 380. The statute provides precisely how the conditional judgment shall be enforced. Before title passes and the petitioner secures possession or use, he must pay the compensation awarded including under the constitution costs of respondent reasonably incurred; in which event no execution is necessary. If petitioner avails himself of the preliminary possession provision of the law, he must first deposit in court a sum sufficiently large to cover the constitutional compensation which includes the costs mentioned; and in this event, also, no execution is needed. These statutory requirements probably account for the absence of any direct or express language in the act concerning executions. It should perhaps be observed in passing that our statute differs somewhat from that of Illinois referred to in *St. L. & S. E. Ry. Co. v. Teeters*, 68 Ills. 144, and other Illinois cases.

It is unnecessary to determine at the present time whether an execution might not issue for costs incurred by respondent where there has been no preliminary possession, and where petitioner abandons the proceeding, or for costs incurred subsequent to the final judgment. It would seem that the law should furnish respondent some appropriate remedy under such circumstances.

The judgment in this case directed payment of costs as well as payment of the sum awarded by the jury as a condition precedent to the taking of possession and holding and

use of the premises. If such possession was obtained and the property is held and used without compliance with the judgment in this regard, petitioner's action is so far illegal. The fact that petitioner prosecuted this appeal in no way affects the above conclusion. For a deposit of the constitutional compensation awarded was a condition precedent to possession and use pending the appeal.

The addition of the execution clause to the judgment was improper. It is barely possible that under the peculiar circumstances disclosed, this clause might be treated as surplusage ; but it is more logical and more in accord with our practice to reverse and direct a new judgment. The record order will therefore embody a reversal with directions to the court below to enter judgment, omitting the execution provision, *nunc pro tunc*, as of the date of the former judgment. But for obvious reasons, we think appellee should recover his costs connected with this appeal, and it is so ordered.

*Reversed, judgment directed.*