## No. 9071.

### FRASER *v.* WALKER, ET AL.

FRAUD—*A Bad Bargain,* not induced by any misrepresentation affords no grounds for complaint.

*Error to Denver District Court, Hon. John A. Perry, Judge.*

Mr. GEORGE K. ANDRUS, Mr. RALPH R. ANDRUS, for plaintiff in error.

Mr. E. M. SABIN, for Sarah B. Dingey.

Mr. Justice Scott delivered the opinion of the court.

The complaint in this action alleges that the plaintiff was damaged through the fraud and deceit practiced on her in the matter of the purchase of the leasehold and furniture of a rooming house in the city of Denver.

It appears that the defendant Walker was a real estate broker, and known to be dealing in the sale of such leaseholds and furniture. The plaintiff approached him for the purpose of securing such an investment. He secured from the defendant Dingey an agency to sell the rooming house in question, which she was then conducting. He then presented the proposition to plaintiff, and a sale was consummated, whereby the plaintiff purchased from defendant Dingey the leasehold and furniture involved, the consideration being $2,750.00. Of this sum eight hundred dollars was paid in cash, and the remainder in deferred payments, one of which was a promissory note for $250.00, secured by mortgage on real estate owned by plaintiff.

Plaintiff took possession of the premises, but failing to meet the payments, the property was taken over by defendant Dingey.

The evidence shows that the plaintiff executed a bill of sale for the property to Dingey, at the time it was turned back to her. Plaintiff offered to prove also that the defendant Dingey executed a release of the mortgage, and cancelled the additional obligations of plaintiff at the time of the delivery of the bill of sale. The court denied this offer for the purpose for which it was made, i. e., as proof of value. So that it is quite clear that the execution and delivery of the bill of sale, and the cancellation of the obligations of plaintiff, were mutually agreeable transactions, and not now questioned by either party.

The defendant Dingey had not met plaintiff until Walker introduced them at the rooming house, where the former had come to look over the property. The plaintiff appears to have been experienced in the rooming house business in Denver, and in fact that was her occupation. She examined the property before purchasing, and it does not appear that the defendant made other material representations to her than that the property was worth the consideration agreed on, and was of the value of $3,000.

There is no testimony in the case that tends to establish fraud and deceit. She purchased the property with her eyes open, and without necessary reliance on the statements of either of the defendants as to value.

The evidence indicates that plaintiff made a bad bargain but it was not in the province of the court to correct her error in judgment. The court directed a verdict for the defendants, and we find no error in his so doing.

The judgment is affirmed.

Hill, C. J., and Garrigues, J., concur.