## No. 14,520.

### DENVER JOINT STOCK LAND BANK v. BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ELBERT ET AL.

(98 P. [2d] 283)

Decided January 8, 1940.

Mr. DAVID J. MILLER, Mr. J. DONOVAN STAPP, Mr. GLENN A. LAUGHLIN, for plaintiff in error.

Mr. C. W. DOLPH, for defendant in error.

*En Banc.*

MR. JUSTICE OTTO BOCK delivered the opinion of the court.

THIS proceeding was instituted by defendants in error, hereinafter referred to as petitioners, to condemn for public highway purposes certain land belonging to named parties, hereinafter designated as respondents. The tract of land involved consisted of a cattle ranch in excess of 4,000 acres, located in the eastern portion of Elbert county. The tract sought to be taken by petitioners comprises 41.76 acres. The proposed public highway created a division of a one-unit cattle ranch. The issue of compensation and damages was tried to a jury, which found the value of the land actually taken to be $125.28, and fixed the damages to the residue of the land at $467.80, and a like sum as the value of benefits. Judgment was duly entered in accordance with the verdict.

Respondent, Denver Joint Stock Land Bank of Denver, being the owner of the land involved at the time of the entry of decree, and deeming the compensation and damages awarded to be insufficient, assigns error and seeks reversal.

The assignment of errors may conveniently be comprehended in five grounds: First, prejudicial statements of counsel for petitioners in argument to the jury, and failure of the trial court to instruct the jury to disregard the same; second, erroneous instruction to the jurors, permitting them, in weighing the evidence, to exercise their individual judgment within the knowledge they acquired through experience and observation; third, erroneous admission of certain testimony of witnesses for petitioners relating to benefits, that were general and did not specifically affect the present market value of the property, and which were speculative or fantastic; fourth, the erroneous exclusion of the testimony of a witness for respondents regarding the value of the property; and, fifth, refusal of the court to allow expert witness fees to two of respondents' witnesses.

 Plaintiff in error contends that the following statement, made by counsel for petitioners in his closing argument, was clearly prejudicial: "Any payment that is made to the respondents in this case will come out of your own [the jurors'] pockets." The primary objective of condemnation proceedings is to satisfy the constitutional guaranty of just compensation and damages to the owner of private property taken for public use. Article II, section 15, Colo. Const. That the quoted statement by counsel had its intended effect is indicated by the amount of compensation allowed for the land actually taken, which was the lowest figure given by any witness, and less than that fixed by most witnesses for petitioners. The statement of the court, after objections, that "I have already instructed the jury that arguments of counsel are not evidence," under the circumstances, was not sufficient to eliminate prejudice. Affirmative

action on the part of the trial judge became necessary to properly channelize the issue of just compensation. While subconsciously the jurors may have had such an undisclosed prejudice, the argument of counsel had the effect of making them conscious of their personal interest in the determination of the amount of compensation and to render their passive prejudice active. Under somewhat similar circumstances, we held in *Rocky Mountain Fuel Co. v. Backarich,* 66 Colo. 275, 281, 180 Pac. 754, that such a disposition of the objections was "equivalent to a statement by the court that the argument, as such, was proper." Moreover, it was not the only attempt by counsel for petitioners to inject the personal interest of the jurors in the issue. During the cross-examination of a witness for respondents relating to the question of damages to the residue of the property, counsel for petitioners asked him whether his testimony would be the same if he were a freeholder in the county. Counsel for respondents objected, but the court overruled the objection and permitted the witness to answer. We think, under the circumstances, that the statement of counsel in argument to the jury was highly prejudicial and constitutes reversible error. We are supported in our conclusion by the holding in *Doty v. City of Jacksonville,* 106 Fla. 1, 142 So. 599, 601, in which the facts were quite similar to those in the instant case.

The next contention of respondents relates to the last paragraph of instruction No. 4, which reads as follows: "In estimating the value of the land taken, the damages and benefits to the other lands, you are permitted to exercise, in weighing the evidence, your individual judgment within the knowledge which you have acquired through experience and observation." This was objected to by counsel for respondents on the ground "that the jurors should be allowed to use only the knowledge and experience which they have in common with the rest of mankind, and not that which they might possess as individuals." The objection was overruled

and the court allowed exceptions. Counsel for respondents argue that this was tantamount to authorizing the jurors to determine the compensation and damages from their individual knowledge, experience and observations. We do not think the instruction goes that far. The use of their knowledge and experience was limited to weighing the evidence, including, of course, their inspection of the premises. By instruction No. 8 the court attempted to neutralize this objection by the following statement: "In weighing the evidence, and judging the credibility of the witnesses, you may consider such of your own knowledge and experience as is common and general to mankind." This was a correct statement of the law. If this were the only error assigned by respondents we would be reluctant to reverse the judgment. However, in view of the probability of retrial, we suggest the omission of the last paragraph in instruction No. 4, or a conformance with instruction No. 8. Counsel for petitioners cite several cases from Illinois, in which it may be said that such an instruction is approved. In that state it is mandatory that the jurors personally view the premises involved. Such is not the law in Colorado, and the mandatory provision may account for the seeming approval of such an instruction in Illinois. Value is always to be found from the evidence. *Denver, N. W. & P. Ry. Co. v. Howe,* 49 Colo. 256, 262, 112 Pac. 779.

Coming to the third ground, the court permitted petitioners, in their attempt to show benefits to the residue of the land, to introduce evidence, over objections of counsel for respondents, to the effect that the public highway involved would make respondents' land more accessible and therefore it could more easily be divided into small agricultural units; and, also, there would be a benefit accruing from the possibility of sending children to school by a bus operating on the highway.

██ In the determination of damages to which the owner of land in condemnation proceedings is entitled, we have held that any reasonable use to which the land

may be adapted or applied by men of ordinary prudence and judgment may be considered, in so far only as such considerations may assist the jury in arriving at the present market value. *Wassenich v. Denver,* 67 Colo. 456, 466, 186 Pac. 533; *Muscoda Bridge Co. v. Grant County,* 200 Wis. 185, 227 N. W. 863, 864, 865. There was no evidence in the instant case that there was or would within a reasonable future be a demand for a subdivision of this land into small farms. Moreover, the objection to this evidence relates to benefits which petitioners claimed would accrue to respondents and not to resulting damages. The benefits which may be set off against damages, where part of a tract of land, as in the instant case, is taken, are those accruing to the residue of the tract from the construction of the improvement. Such as are only conjectural or speculative may not be permitted as a setoff against the damages to the residue. It is generally held that such benefits must be special or local or such as result directly and peculiarly to that particular tract of which the part is taken. General benefits resulting to the owner in common with the public cannot be set off. 20 C. J., pp. 821, 822, §§258, 259; 18 Am. Jur., p. 944, §299.

The trial court, although overruling respondents' objections, instructed the jury that "benefits may not be such as are sustained by the respondents in common with the community in general as a result of the construction of the highway." While we do not approve of the form of this instruction, it at least was a recognition of the principle to which reference is made above. Whether or not a given benefit is general or special must be largely determined by the facts and circumstances in each case. Difficulties are apt to result from an attempt to lay down definite general rules. We believe that sufficient has been said concerning this contention to serve as a guidance to the court in the event of a retrial of the case.

■ The next contention relates to the testimony of Henry A. Scherrer, a witness for respondents. The trial court sustained objections to his testimony as to value, for the reason that he was not shown to be sufficiently qualified. He testified that he would not say he was informed as to the general values of land in the community involved. He was limited in his testimony as to his observations about the ranch and its earning probabilities. In *Wassenich v. Denver, supra,* a condemnation proceeding, we held that one, other than the owner, cannot give an opinion as to value of the property until it is shown that he is familiar with such value. The court committed no error in rejecting this testimony.

■■ The last ground of respondents' assignment of errors relates to the refusal of the court to allow the fees of experts called as witnesses, one an appraiser of the Farm Credit Administration, the other being an appraiser of land values—an irrigation engineer. Request was made for an allowance of $25 per day for such services, which the trial court denied. Counsel for petitioners cite the Wassenich case in support of the court's ruling. The holding in that case respecting this matter is ineffectual here by reason of the subsequent enactment of chapter 194, '33 S. L., page 900. In our opinion, the witness fees here involved come within the provisions of that chapter and should be allowed in such amount as the court may deem proper. The testimony of the witnesses consisted only of statements of their professional examinations and the result thereof. The evidence disclosed considerable investigation by them and they are entitled to reasonable fees therefor. We take this position, also, because we have held that to require the owner of property involved in condemnation proceedings to carry the burden of costs would not be "just" within the meaning of the constitutional guaranty. *Dolores Co. v. Hartman,* 17 Colo. 138, 139, 29 Pac. 378.

The judgment is reversed and the case remanded, with directions to allow expert witness fees, and for such

further proceedings as are not inconsistent with this opinion.

Mr. Justice Francis E. Bouck not participating.