No. 15,250.

ROSENBAUM ET AL. *v.* MATHEWS.

(156 P. [2d] 843)

Decided February 13, 1945. Rehearing denied March 5, 1945.

Mr. T. E. MUNSON, for plaintiffs in error.

Mr. RAYMOND M. SANDHOUSE, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order in the trial court and are hereinafter referred to as there, or by name.

Plaintiff and defendants owned adjoining lands and the latter, without previous permission or negotiations, constructed a small irrigating ditch across the former's premises. Mathews brought this action for the trespass and alleged injury. He claimed $1,000 actual damages and the jury awarded him $160. He claimed $5,000 exemplary damages and the jury awarded him $1,500. To review the judgment entered accordingly the Rosenbaums prosecute this writ. The six assignments present little beyond the question of the sufficiency of the evidence.

1. It is contended that the court erroneously instructed the jury as to the rule applicable under the facts concerning actual damages. We pass the point for three reasons: (a) It is doubtful if under the rule contended for by counsel there would have been any material variance in the amount awarded, hence no prejudice; (b) No objection was made to the instruction; (c) Present counsel (who did not represent defendants on the trial) says, "Had the court withdrawn from consideration of the jury the question of exemplary damages we would not be here complaining."

2. Mathews did not reside on his property, but lived in Sterling, Colorado, and had formerly lived at Fleming. His actual place of residence at the time of the construction was apparently not known to defendants. It appears that S. P. Rosenbaum felt the construction was essential to enable him to irrigate his own lands and that hence he had some right to proceed. The ditch was less than three feet deep and had a total length of approximately 1300 feet. Less than half of it was new. The remainder consisted principally of a depression where formerly a ditch had been. Within a week of the completion of the work the parties met at a neighbors and from there visited and inspected the lateral. The Mathews property involved was uncultivated. S. P. Rosenbaum explained what he had done and why, and offered to pay for any injury resulting. Mathews says,

"He didn't talk very pleasant," and that he thought the trespass was malicious. It further appears that Mathews promptly proceeded to fill up the ditch and that defendants endeavored to stop him by injunction, but failed. This is the sum total of the evidence that "fraud, malice or insult, or a wanton and reckless disregard of the injured party's rights and feelings," which will support a judgment for exemplary damages under section 6, chapter 50, '35 C.S.A., and is clearly insufficient. *Crymble v. Mulvaney*, 21 Colo. 203, 40 Pac. 499. Numerous other decisions, in this and other jurisdictions, are to the same effect. In fact our attention has been called to no authority which would support a judgment for exemplary damages under facts similar to those appearing here. That defendants attempted by injunction to maintain what they believed to be their legal rights, or that they believed they were entitled to a right of way for their lateral, tends only to establish good, not bad, intent.

As to actual damages the judgment is affirmed. As to exemplary damages it is reversed and the cause remanded with instructions to proceed in harmony herewith.

MR. CHIEF JUSTICE BAKKE and MR. JUSTICE STONE concur.