## No. 21436.

LOUIS RULLO AND LAURETTA K. RULLO *v.* PUBLIC SERVICE COMPANY OF COLORADO, A COLORADO CORPORATION.

(428 P.2d 708)

Decided June 12, 1967.

NEEF, SWANSON and MYER, NORMAN H. COMSTOCK, EDWARD C. EPPICH, for plaintiffs in error.

LEE, BRYANS, KELLY & STANSFIELD, ALFRED J. HAMBURG, WILLIAM W. GAUNT, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE SUTTON.

THIS is a proceeding in which the Public Service Company condemned an easement across the farm property of plaintiffs in error, Louis and Lauretta Rullo. The right-of-way was 75 feet in width and ran diagonally across a quarter section of land in Adams County owned by the Rullos. It was taken for the purpose of constructing high tension electric lines.

At the trial to determine the amount of compensation to be paid, the jury returned a verdict awarding the Rullos $8,200 for the land physically taken for the easement and awarded nothing for damage to their remaining land.

On writ of error it is asserted that:

(1) Severance damages should have been awarded since there was testimony by witnesses for both parties to the effect that there was residual damage to the property; and,

(2) An insufficient amount was awarded plaintiffs in error to compensate them for certain expert witness fees.

The land in question was in an area that had once been a farming community, but due to the rapid growth of the City of Denver to the north, at the time of the taking, this locality was experiencing residential and industrial growth fairly close to the Rullos' property. The evidence was that the highest and best potential use for the subject land would be for residential purposes.

An examination of the record discloses that some amount should have been awarded for residual damage

to the remaining property. For example, witness James R. Small, a professional land planner-engineer, testified for the Rullos that he had prepared a suggested plat subdividing the tract in question into one-third acre size residential lots after this action was started. He also testified that he had made a second plat showing the land bisected by the easement which plat demonstrated that the owners would obtain 44 fewer lots than they could if the right-of-way had not been imposed on their land. Small also testified that 50 of the lots, totaling 16⅔ acres, as the land would now have to be subdivided, would abut upon the easement. The Rullos' witness Seth Bradley, a real estate developer and appraiser, testified that homesites abutting upon high tension line easements would sell for 20 to 30% less than comparable lots without such adjoining power lines. Mr. Rullo testified that he valued his property at $2,500 per acre, and there was other evidence to the effect that land in the area varied in value from $104 per acre to $3,000 per acre.

Other pertinent testimony was given by Richard J. Des Jardins, an appraiser for the Public Service. He valued the Rullos' property at $1,000 per acre. He further testified that the Public Service Company's use of the easement itself would be 75% of $5,230 (leaving the servient owners with a 25% use) and thus the actual direct damage for the easement, which covered 5.23 acres, should be compensated for at approximately $3,925. In regard to severance damages, Des Jardins also testified that a portion of the Rullos' remaining land (in the angular corners created by the right-of-way), amounting to approximately two-thirds of one acre, would be virtually unusable and that the Rullos should therefore be compensated for 75% of its value, viz., residual damage in the amount of $495. There was no direct evidence presented by either party to the effect that the remaining land would not suffer dimi-

nution in value from the placement of the high tension wires.

This record discloses no evidence whatsoever to support the jury's verdict of no residual damage. In such a posture we must reverse and remand this portion of the case for a rehearing to determine the amount of those damages. See *Boxberger v. State Highway Commission,* 126 Colo. 526, 251 P.2d 920 (1953); *Lynch v. Kuhlmann Investment Co.,* 93 Colo. 274, 25 P.2d 744 (1933); *Rocky Mountain Fuel Co. v. Belk,* 92 Colo. 404, 21 P.2d 186 (1933).

As for the second ground of error urged by the Rullos, we find no merit therein. The trial court awarded $100 for the services of one of the Rullos' witnesses and $230 for the services of Mr. Small.

It is claimed that the amount awarded Small should have been $800 more because of the preliminary out-of-court time he spent in developing the two plats used by the Rullos to demonstrate the potential loss of lots due to the easement. The plaintiffs in error rely both on C.R.S. '53, 56-6-2(2) (which was in effect at the time the action was initiated) and on certain case law. The statute specifically directs that certain experts "shall receive additional compensation, to be fixed by the court (in such cases), with reference to the value of the time employed and the degree of learning or skill required." The cases cited are to the effect that since the owner does not want to sell and is entitled to just compensation he should not be compelled to pay out of his own pocket his expenses in establishing the fair value of his property. See *Denver Joint Stock Land Bank v. Board of County Commissioners of the County of Elbert,* 105 Colo. 366, 98 P.2d 283 (1940); *Dade County v. Brigham,* 47 So.2d 602 (Fla. 1950); *Mackie v. Lowe,* 372 Mich. 341, 126 N.W.2d 702 (1964); and *Recreation and Park Commission v. Perkins,* 231 La. 869, 93 So.2d 198 (1957). In other words, it is urged that our statute allows experts extra compensation and a landowner should be

repaid all the necessary expenses incurred in fixing the value of his land including the preparatory work, time and expenses of experts who testify for him.

While we do not disagree with the principle urged by the plaintiffs in error as to this issue, we point out that it is subject to the corollary that the sum allowed must be reasonable and that it is within the sound discretion of the trial court as to the exact amount. See *Denver Joint Stock Land Bank, supra; Dolores No. 2 Land and Canal Co. v. Hartman*, 17 Colo. 138, 29 P.378 (1891); *Recreation and Park Commission, supra.*

In the instant case Small himself testified that he prepared the plats, both with and without the easement, because "Mr. Rullo wanted to see a plan for his property subdivided as I would have recommended it in following the guides of the county"; and, that this "litigation had nothing to do with it" *i.e.*, preparation of the plats. True it is that some of the fruits of that harvest were served up in the trial where Small testified for approximately two or three hours, however, there is nothing to show that such detailed plats were necessary or that the same result could not have been obtained after much less work by this expert. The court allowed $230, as previously stated, for this witness's time and we find no abuse of discretion under the facts presented in its denial of the balance of the claimed amount.

The judgment is affirmed as to the basic award for the taking of the original right-of-way and as to the amount of expert witness fees allowed, but is reversed and remanded to the trial court as to the denial by the jury of residual damages, with directions for a new trial as to that matter only.

It is so ordered.

MR. CHIEF JUSTICE MOORE and MR. JUSTICE KELLEY concur.