No. 22031.

LEADVILLE WATER COMPANY *v.* PARKVILLE WATER DISTRICT.
(436 P.2d 659)

Decided December 18, 1967.    Rehearing denied February 19, 1968.

Holme, Roberts & Owen, John M. Dickson, Saunders, Dickson, Snyder & Ross, for plaintiff in error.

Peter Cosgriff, for defendant in error.

Duke W. Dunbar, Attorney General, Joseph M. Montano, Assistant, amici curiae.

*En Banc.*

Opinion by Clifford H. Darrow.*

The writ of error was issued in this case at the instance of Leadville Water Company for a review of rulings which were made by the trial court in a condemnation proceeding by which Parkville Water District acting under the powers granted to it by C.R.S. 1963, 89-5-1 et seq. acquired the company's physical plant and properties devoted to public water service in the City of Leadville and its environs. The parties will be denominated as the company and the district, respectively.

In addition to the usual briefs, a brief was filed with the permission of this court by the Department of Highways as amicus curiae.

I.

The paramount question in this case is whether the trial court erred by its order entered in March 1965, denying to the company the sum of $30,000 for counsel fees as a part of claimed just compensation for the property taken by the district.

■ At common law costs were not allowed in litigation; they could be recovered only when allowed by statute. *Board of Commissioners of County of Larimer v. Lee*, 3 Colo. App. 177, 32 P. 841, citing cases. The

*District Judge sitting under assignment by the Chief Justice under provisions of Article VI, Section 5(3) of the constitution of Colorado.

Eminent Domain Act in Colorado is entirely silent on this subject.

Article II, Section 15 of the Colorado constitution provides in pertinent part:

"Private property shall not be taken or damaged, for public or private use, without just compensation. . . ."

█ The phrase "just compensation" as applied to eminent domain has been commonly defined as payment to the owner of the fair and reasonable market value of his property. *Department of Highways v. Kelley,* 151 Colo. 517, 379 P.2d 386; *State Highway Commission v. American Memorial Parks, Inc.,* 144 N.W.2d 25 (S.D.).

██ This Court has held that the inhibitions in and the spirit of the Colorado constitution, as fundamental law of this state, requires that the owner shall be paid his costs as well as the fair and reasonable value of his property. *Dolores No. 2 Land and Canal Co. v. Hartman,* 17 Colo. 138, 29 P. 378. In so holding, it was stated that the constitution clearly covers [only] the class of expenses usually taxed as costs. Attorneys' fees do not fall within that category. *Dolores No. 2 Land and Canal Co. v. Hartman, supra; Schneider v. Schneider,* 36 Colo. 518, 86 P. 347; *Denver and Rio Grande Railroad Co. v. Mills,* 59 Colo. 198, 147 P. 681.

The company is asking us to depart from the generally accepted concept of costs in eminent domain proceedings by broadening the term to include that which has always been excluded. In the absence of a statute expressly providing for it, the claim for counsel fees in eminent domain proceedings has met with adverse action by the courts. Colorado has no such statute. We are not convinced that we should overrule our former decisions which hold that counsel fees are not allowable in eminent domain cases or disapprove the general rule which is in agreement therewith. *Dolores No. 2 Land and Canal Co. v. Hartman, supra; Schneider v. Schneider, supra; Denver and Rio Grande Railroad Co. v. Mills, supra; City of Ottumwa v. Taylor,* 251 Iowa 618, 102

N.W.2d 376; *Dohany v. Rogers*, 281 U.S. 362, 50 S.Ct. 299, 74 L.Ed. 904; *In Re Clark's Estate*, 187 F.2d 1003; *U.S. v. 15.3 Acres of Land*, 158 F. Supp. 122.

We decline to change this long-standing rule in Colorado.

## II.

The second and remaining question for our consideration relates to the trial court's order in the allowance of expert witness fees.

The company complains that the amounts allowed are not adquate and that proper statutory guidelines were not followed by the Court.

C.R.S. 1963, 56-6-2 provides in pertinent part:

"(2) Witnesses in courts of record called to testify only to an opinion founded on special study or experience in any branch of science or to make scientific or professional examinations and state result thereof, shall receive additional compensation, to be fixed by the court, with reference to the value of the time' employed and the degree of learning or skill required."

The court held a hearing (supplemented by affidavits filed by the company) concerning the matter of such fees after the commission found and returned into court the amount of measured compensation payable by the district to the company for the property condemned.

A total of $6,516.53 was allowed by the court for the six experts employed by the company for the case and who were in attendance at the trial. The company urges that this sum was $18,309.18 short of the amount which should have been granted.

The allowances included travel, ordinary witness fees, food and lodging expenses, and preparation of an inventory by consultants, plus $100 per day as additional fees for each expert. Some of these experts testified only briefly, whereas two of them did not testify; nevertheless, the trial court allowed each of them $100 for every day of attendance at the trial. There is evidence

in the record that $100 per day was a reasonable amount of compensation for services of the kind furnished.

We cannot subscribe to the proposition that a party to any litigation shall have a free hand in the employment of expert witnesses and charge his adversary with the costs so incurred. There is no such unbridled authority. While the statute (C.R.S. 1963, 53-6-2, *supra*) allows expert witness fees, the property owner will not be fully indemnified for any unusual compensation which he might choose to pay his expert witnesses. The awarding of expert witness fees is limited, being circumscribed by a rule of reason, *viz.*, sound judicial discretion. See *Denver Joint Stock Land Bank v. Board of County Commissioners of Elbert*, 105 Colo. 366, 98 P.2d 283; *Dolores No. 2 Land and Canal Co. v. Hartman, supra; Department of Highways v. Kelley, supra; Rullo v. Public Service Company of Colorado*, 163 Colo. 99, 428 P.2d 708; *Recreation and Park Commission v. Perkins*, 231 La. 869, 93 So.2d 198. We hold that in the exercise of that discretion, the trial court in this case was not bound by any contract for compensation which was entered into between the company and the experts.

When we have before us the finding of a trial judge who had the opportunity to evaluate the services of the experts based upon all the evidence before him and arrive at a fair conclusion of their reasonable worth, we do not interfere with his finding.

The judgment is affirmed.

MR. JUSTICE KELLEY not participating.