513 P.2d 458 (1973)
YEAGER GARDEN ACRES, INC., a corporation, Plaintiff-Appellee,
v.
SUMMIT CONSTRUCTION COMPANY and St. Paul Fire and Marine Insurance Company, Defendants-Appellants.
No. 72-204.
Colorado Court of Appeals, Div. II.
May 1, 1973.
Rehearing Denied May 30, 1973.
Certiorari Denied September 10, 1973.
*459 Weller, Friedrich, Hickisch & Hazlitt, H. Gayle Weller, Denver, for plaintiff-appellee.
Harden & Napheys, Ralph B. Harden, Charles S. Bloom, Fort Collins, for defendants-appellants.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
This is the second time this case has been before us. In the first case, Summit Construction Co. v. Yeager Garden Acres, Inc., 28 Colo.App. 110, 470 P.2d 870, we affirmed a judgment in favor of Yeager Garden Acres, Inc., the owner of a building, for breach of contract against Summit Construction Company, the contractor who built the building. We affirmed two elements of damage as awarded by the trial court, but we remanded for a new trial, "solely on the issue of damages measured by the difference, if any, between the market value of the structure with the deficiencies in the expansion joints, roof, and concrete floor . . . and the market value which the structure would have had if it had been completed in accordance with the plans . . . and the specifications. . . ."
After the second trial on the above issues, the court found the difference in market value to be $20,000 and entered judgment in favor of plaintiff in the amount of $20,000 plus the sums of $224.13 and $273, which were the damages for the other items entered by the trial court and affirmed by this court in our prior decision. Defendant appeals, contending that the evidence of one of plaintiff's experts on whose evidence the court relied, was improperly admitted; that the court improperly allowed fees to an expert witness for time spent by him in preparation for his testimony to the court; and that the court erred in entering judgment with interest from the date of the original judgment.

I
Plaintiff produced three witnesses to testify as to the difference in market value resulting from the deviation from plans and specifications by defendant in the construction of the building. The court accepted the testimony of an expert witness who based his opinion on figures that he had obtained from the owner of the property. These figures were subsequently introduced into evidence through the testimony of the owner. Defendant contends that no proper foundation was laid for the expert to testify and give an opinion because the figures supplied by the owner and subsequently introduced into evidence were incomplete and inaccurately compiled.
Defendant does not question the witness' qualification as an expert, and the basis for his opinion was fully delineated. The accuracy and completeness of the figures would affect the weight to be given to the opinion, but not its admissibility. As *460 stated in Dolan v. Mitchell, Colo., 502 P.2d 72:
". . . The trial judge should decide whether a witness is a qualified expert on a subject appropriate for expert testimony, but the basis of his opinion and the weight to be given the opinion should be left for advocates to challenge and for the [trier of facts] to determine."

II
At the conclusion of the trial, plaintiff requested the court to tax as costs $1,660 to reimburse the expert for time spent in preparing himself to testify as an expert witness and $440 for time spent in giving one day's testimony. The court allowed $1,000 in costs for expert witness fees. Defendant contends that C.R.S. 1963, 33-1-12, provides that in no case shall fees of more than four witnesses be taxed against a party against whom judgment shall be given for costs unless the court shall certify that more than four witnesses were necessary. Defendant contends that there was no certification and therefore it was improper to award any witness fee to this expert because of the fact that plaintiff had used four witnesses in the prior trial. However, this was a separate hearing ordered by this court and plaintiff would be entitled to use such witnesses as may be considered necessary by it to present its evidence, subject to the restriction contained in the above statute. Defendant also argues that plaintiff is not entitled to have assessed as costs any time expended by the expert in preparing himself to testify. 1965 Perm.Supp., C.R.S. 1963, 56-6-2(4), provides as follows:
"Witnesses in courts of record called to testify only to an opinion founded on special study or experience in any branch of science or to make scientific or professional examinations and state result thereof, shall receive additional compensation, to be fixed by the court, with reference to the value of the time employed and the degree of learning or skill required."
This provision has been interpreted, in Leadville Water Co. v. Parkville Water District, 164 Colo. 362, 436 P.2d 659, and Joint Stock Land Bank v. Elbert County, 105 Colo. 366, 98 P.2d 283, as authorizing the court, in fixing an expert's fee, to consider time spent by the expert in preparation for trial as well as time spent in court. In Parkville, supra, the court, in approving a fee for an expert based upon time spent in preparing his testimony, stated:
". . . The awarding of expert witness fees is limited, being circumscribed by a rule of reason, viz., sound judicial discretion . . . .
"When we have before us the finding of a trial judge who had the opportunity to evaluate the services of the experts based upon all the evidence before him and arrive at a fair conclusion of their reasonable worth, we do not interfere with his finding."
There was no showing that the court abused its discretion in making its award of expert witness fees in this case.

III
Defendant contends that the court erred in awarding interest from the date of the prior judgment. We agree.
Following the new trial pursuant to our remand, the trial court entered a "Supplemental Judgment" which assessed the damages as heretofore set forth. Plaintiff filed a motion to amend the judgment, and the court amended the supplemental judgment by adding, "Interest on said judgment is allowed from January 28, 1966, date of the original judgment herein." This was error insofar as it applies to the $20,000 awarded as a result of the new trial.
C.R.S.1963, 73-1-2 authorizes the allowance of interest on judgments "from the day of entering said judgment." Following our remand the only judgment then remaining against defendant was for $497.13 and costs. All other damages were unliquidated until the entry of judgment after *461 the new trial on that issue. In Hunter v. Wilson, 147 Colo. 36, 362 P.2d 553, the Supreme Court held that the statute must be strictly construed and that interest cannot be allowed on unliquidated claims.
Plaintiff claims that since the liability of defendant had been fixed at the first trial, it follows that it is entitled to interest from that first judgment. Such is not the law. In a similar case, Morris v. Standard Oil Co., 192 Cal. 343, 219 P. 998, 30 A.L.R. 1103, it is said,
"It is urged here that the liability of appellant having been fixed on the first trial and confirmed on appeal, it became the law of the case, and the subsequent judgment should bear interest from the date of the former. Interest has relation to an ascertained principal sum. The amount of the judgment in this case after reversal was not ascertainable until the question of [damages] had been determined, and hence appellant would not meanwhile be in default for interest."
That language is apropos here. Interest on the $20,000 can be allowed only following entry of the "supplemental judgment."
Plaintiff's reliance on Stone v. Currigan, 138 Colo. 442, 334 P.2d 740, is misplaced since that case is clearly inapposite. The remand in the prior appeal, Currigan v. Stone, 136 Colo. 326, 317 P.2d 1044, directed the entry of a judgment, nunc pro tunc as of the date of the judgment in the trial court, for a specified amount on liquidated claims, and did not provide for a new trial. Neither an unliquidated amount nor a subsequent judgment was involved.
The judgment is reversed as to the allowance of interest on the $20,000 from January 28, 1966, and affirmed in all other respects.
Judgment affirmed in part, reversed in part and the cause remanded to the trial court with directions to allow interest on the $20,000 only from the date of entry of the "supplemental judgment."
COYTE and DWYER, JJ., concur.