511 P.2d 517 (1973)
Emmett OSSMAN, Plaintiff-Appellee,
v.
The MOUNTAIN STATES TELEPHONE AND TELEGRAPH COMPANY, a Colorado corporation, Defendant-Appellant.
No. 72-237.
Colorado Court of Appeals, Div. I.
April 24, 1973.
Rehearing Denied May 15, 1973.
Certiorari Granted July 9, 1973.
*518 Anthony F. Zarlengo, Denver, A. J. Laing, Leadville, for plaintiff-appellee.
Cotton Howell, Joseph C. O'Neil, Denver, for defendant-appellant.
Selected for Official Publication.
PIERCE, Judge.
In July of 1967, while placing a telephone cable along the highway right-of-way adjacent to real estate owned by plaintiff, Mountain States Telephone and Telegraph Company (Mountain Bell) inadvertently crossed a portion of plaintiff's land with the cable. It was not until June of 1970, that plaintiff discovered the intrusion upon his land, whereupon he immediately contacted Mountain Bell and demanded compensation. Subsequent negotiations were fruitless, and after Mountain Bell had made a final offer of $42 for the land taken, plaintiff commenced the present action.
Plaintiff's complaint sounded in trespass. It alleged that although Mountain Bell had the power of eminent domain, it had refused to exercise it or to abandon the property. For this, plaintiff sought damages for the taking of the land, valued at the fair market value of its highest and best use, damages to the residue, and exemplary damages. In addition, plaintiff sought his appraiser's fees, attorney's fees, surveyor's fees, expert witness fees and damages for loss of time. Mountain Bell answered, denying that the entry was wrongful, and further alleging that the only remedy available to plaintiff was inverse condemnation. By counterclaim, it sought title to the property taken.
Prior to submitting the case to the jury, the trial court ruled that Mountain Bell was guilty of trespass, as a matter of law. In addition, the court awarded Mountain Bell a permanent easement across plaintiff's property. The verdict returned described the property taken and assessed plaintiff's damages at $1,942, and awarded exemplary damages in the sum of $2,308. Mountain Bell appeals. We reverse the judgment of the trial court.

I.
Mountain Bell first contends that the trial court erred in its determination of what remedies were available to plaintiff. At trial, several distinct theories were, in fact, confused.
Plaintiff, by his complaint, stated a claim in trespass. However, by seeking damages for the highest and best use for *519 the land and damages to the residue, he sought a condemnation remedy. Compare Colorado Jury Instruction 18:2 (Trespass Damages) with Colorado Jury Instructions 26:3 and 26:4 (Condemnation Damages). Defendant answered by seeking to impose an inverse condemnation proceeding on plaintiff. The trial court, by instructing that a trespass existed as a matter of law, and by awarding the title to the land to Mountain Bell, combined portions of these theories. The result was prejudicial error.
To establish his claim that Mountain Bell was a trespasser, plaintiff would have to establish that Mountain Bell wrongfully entered upon his real estate. Hugunin v. McCunniff, 2 Colo. 367. This, of course, necessitates a determination of whether an entity possessed of the powers of eminent domain can be a trespasser under circumstances where it has inadvertently possessed land, which it intends to use for a public use, without proceeding in eminent domain. We conclude that such an authority, if pursuing a public purpose, (Colo.Const.Art. II, § 15) cannot be a trespasser.
Plaintiff, however, contends that he has an absolute right to proceed in trespass where he is not estopped by acquiescence or waiver from challenging the legality of the entry. In support of this contention, plaintiff cites United States v. Lynah, 188 U.S. 445, 23 S.Ct. 349, 47 L.Ed. 539, and Denver & S. F. Ry. Co. v. School District, 14 Colo. 327, 23 P. 978. These cases do not answer the question of whether a condemnor can be a trespasser under the circumstances before us. They only offer authority for the proposition that a person who acquieses in an entry by a condemnor cannot thereafter call it unlawful, and must pursue a remedy in inverse condemnation. By our ruling, a trespass remedy would be available to plaintiff only if it were determined that Mountain Bell had no right under the Constitution or eminent domain statutes to take private property, or that the specific taking was unauthorized or unlawful.
This does not mean that a condemnor may force an inverse condemnation proceeding on a landowner who has been dispossessed of his land. Inverse condemnation is a popular description of an action brought by a property owner seeking just compensation for land taken for a public use, against a government or private entity having the power of eminent domain. Breidert v. Southern Pacific Co., 61 Cal.2d 659, 39 Cal.Rptr. 903, 394 P.2d 719; Martin v. Port of Seattle, 64 Wash. 2d 309, 391 P.2d 540. It is a remedy peculiar to the property owner, and is exercisable by the property owner where it appears that the taker of the property does not intend to bring eminent domain proceedings. The doctrine rests upon the theory that after property has been devoted to public use by a condemnor, and public policy dictates that such use should not be discontinued, the property owner is entitled to compensation. Garden Water Corp. v. Fambrough, 245 Cal.App.2d 324, 53 Cal.Rptr. 862.
We conclude that a condemnor cannot force the property owner to proceed in inverse condemnation. Rather, if it elects to condemn the property, under circumstances where the property owner is disputing the condemnor's right of entry by a trespass action, it must enforce its remedy of eminent domain. It cannot put the burden on the property owner to proceed in inverse condemnation. This distinction is not technical. It forces the condemnor to follow the statutory requirements, C.R.S. 1963, 50-1-1 et seq., as amended, and to pay costs, Rullo v. Public Service Co., 163 Colo. 99, 428 P.2d 708. Furthermore, it insures that the landowner not be deprived of his right to sue in trespass if he chooses not to proceed in inverse condemnation.
Applying these principles to the facts before us, we conclude that the trial court should have proceeded in the following manner: Mountain Bell's counterclaim for inverse condemnation should have been treated as a petition for eminent domain. See 1965 Perm.Supp., C.R.S.1963, 50-1-2.
*520 Upon this petition, the trial court could have, if requested, conducted an in limine hearing to determine if the taking was necessary and proper. If the in limine hearing resulted in a determination that it was not necessary and proper, then plaintiff's trespass action could be maintained, and trespass damages, not condemnation damages, would be awarded. No transfer of title to the land taken or easement would result.
If, on the other hand, it were determined that Mountain Bell was entitled to take the property, plaintiff would be entitled to condemnation damages, with interest thereon, from the date of the taking, (see 1967 Perm.Supp., C.R.S.1963, 50-1-19) and costs.
It was error for the trial court to award an easement to Mountain Bell and then to instruct the jury on trespass damages.

II.
Mountain Bell next complains that no instruction should have been submitted to the jury on exemplary damages. If, on remand of this matter, the court determines that Mountain Bell may proceed in eminent domain, then exemplary damages could not be awarded. If, on the other hand, it were determined that this is a proper case for a trespass remedy, the requirements of C.R.S.1963, 41-2-2 would have to be proved beyond a reasonable doubt, 1971 Perm.Supp., C.R.S.1963, 52-1-28, before a verdict awarding exemplary damages could be sustained.
We note that while Mountain Bell's lack of intent to commit a trespass would not be a defense to an action for trespass, Little Pittsburg Consolidated Mining Co. v. Little Chief Consolidated Mining Co., 11 Colo. 223, 17 P. 760, it would be a defense to a claim for exemplary damages. Rosenbaum v. Mathews, 113 Colo. 307, 156 P.2d 843. Therefore, on a remand of this matter, the jury should only be instructed on exemplary damages if the evidence conclusively establishes more than negligent entry.
The judgment is reversed and the case remanded for proceedings not inconsistent with this opinion. Judgment reversed and remanded with directions.
ENOCH and SMITH, JJ., concur.