**John J. SONEFF and Beverly J. Soneff, Plaintiffs-Appellees and Cross-Appellees.**

v.

**Edward HARLAN, Defendant-Appellant and Cross-Appellee,**

and

**Joe Silver, Defendant-Appellee and Cross-Appellant.**

**No. 83CA0445.**

Colorado Court of Appeals, Div. I.

Aug. 15, 1985.

Rehearings Denied Sept. 12, 1985.

Certiorari Denied Jan. 13, 1986.

Haddon, Morgan & Foreman, P.C., Harold Haddon, Kenneth S. Canfield, Denver, for plaintiffs-appellees and cross-appellees.

Abelman and Abelman, Robert C. Abelman, Denver, for defendant-appellant and cross-appellee.

William S. Silverman, Julia Davidson Riley, Denver, for defendant-appellee and cross-appellant.

PIERCE, Judge.

Defendants, Edward Harlan (Harlan) and Joe Silver (Silver), separately appeal from a judgment entered in favor of plaintiffs, John J. and Beverly J. Soneff (Soneffs) for specific performance of a real estate contract, and quieting title in the property which was the subject of the contract. Harlan also appeals from a directed verdict entered in favor of Silver. We affirm in part and reverse in part.

This action arises from a series of transactions concerning a multi-story garage building in downtown Denver. Initially, Silver sold the building to Harlan in 1980 in consideration for partial cash payment and execution of a promissory note secured by a deed of trust on the property. In 1981 after being informed by Silver that he was in arrears on payment on his note, Harlan executed a specific performance contract, selling the building to the Soneffs. But, before closing on that contract, Silver and Harlan executed a back-dated lease naming Silver as lessor and containing a first right of refusal in case of sale of the property. As consideration for Harlan's participation in the execution of this back-dated lease, Silver promised to pay Harlan $75,000.

Neither Silver nor Harlan appeared at the scheduled closing at which the Soneffs were to receive title to the building.

Although Harlan promised Silver that he would not disclose that the lease was back-dated, at trial he admitted to this impropriety. Silver, on the other hand, maintained until the last day of trial that the document was bona fide. Then he changed his testimony and also admitted the back-dating.

On Soneffs' claims against Silver for interference with contractual relations and for slander of title, judgment was entered on a jury verdict in favor of the Soneffs in the amount of $210,358.02 in actual damages and $800,000 in exemplary damages. In addition, the trial court, exercising its equitable powers, granted specific performance of Soneffs' contract to purchase the building from Harlan.

## I.

### Harlan's Appeal

Harlan appeals from a directed verdict granted in favor of Silver from Harlan's cross-claim which alleged fraud based on Silver's misrepresentations to Harlan as to the arrearages he owed under the initial sale agreement and Harlan's reliance on such misrepresentations causing him to sell the property to the Soneffs. He argues the trial court erred in removing the fraud issue from determination by the jury. We affirm.

▮ As one of the elements necessary to establish fraud, Harlan needed to show reasonable reliance on Silver's statements to his detriment. *See Zimmerman v. Loose*, 162 Colo. 80, 425 P.2d 803 (1967). However, the record is devoid of evidence to establish that Harlan acted as a result of any reliance which was detrimental to him. When Silver informed Harlan of the arrearages, he also offered to repurchase the property from Harlan for a cash sum of $22,000, and cancellation of Harlan's promissory note. Harlan's testimony indicated that anger at Silver's low offer prompted him to seek another buyer. As a result,

Harlan negotiated a contract with the Soneffs pursuant to which he would receive approximately $80,000 in cash. While Harlan might have made a better bargain at a later time, an error in judgment is not within the province of the trial court to correct. *Fraser v. Walker,* 65 Colo. 126, 173 P. 1088 (1918); *see Sedalia Land Co. v. Robinson Brick & Tile Co.,* 28 Colo.App. 550, 475 P.2d 351 (1970).

The evidence does not support Harlan's contention that he relied to his detriment on Silver's misstatements. Thus, taking the evidence in the light most favorable to Harlan, we conclude it is insufficient to support a verdict in his favor. *Cf. Gossard v. Watson,* 122 Colo. 271, 221 P.2d 353 (1950). Therefore, there was no error in the trial court's granting a directed verdict in favor of Silver.

Harlan's remaining contentions lack merit.

## II.

### Silver's Appeal

#### A. Actual Damages

Silver contends the actual damages assessed against him were improper as concerned the awards of lost profits, rent, and attorney fees. We agree only as concerns the lost profits.

■ At the time that the closing was to take place on the Harlan building, the Soneffs were leasing two other garages in which they rented parking spaces to customers with classic and antique cars. Based on their closure of one of these garages, the Soneffs claimed a reduction in net profits of $120,000. The testimony showed that the Soneffs closed the garage after their lease payments were doubled and after one of their large customers decided to leave, and, as a result, the Soneffs decided that continued operation of that garage would not be profitable. Thus, the evidence here shows that the Soneffs interrupted their business and suffered a loss of profits, not because of Silver's wrongdoings, but rather as a result of events not caused by Silver. Accordingly, those damages can not be recovered from Silver. *See Peterson v. Colorado Potato Flake Mfg. Co.,* 164 Colo. 304, 435 P.2d 237 (1967); *Lee v. Durango Music,* 144 Colo. 270, 355 P.2d 1083 (1960).

Unlike the award of lost profits, the award of rents is supported by the record. The evidence showed that had the Soneffs been able to close on the Harlan building, they would not have continued renting the other two garages. Thus, the award of damages in the amount of the resultant lease costs of $18,400 and $11,200 is affirmed. *See Meiter v. Cavanaugh,* 40 Colo.App. 454, 580 P.2d 399 (1978).

■ The award of attorney fees in the amount of $60,758.02 is also affirmed. Silver argues that, although the attorney fees were properly recoverable with respect to the slander of title claim, they were not recoverable in connection with the interference of the contract claim. We disagree. Soneffs' action was initiated to quiet their title in the Harlan building. Thus, attorney fees were proper both under § 38–35–109(3), C.R.S., and as an item of damages. *See Sussex Real Estate Corp. v. Sbrocca,* 634 P.2d 999 (Colo.App.1981).

In summary, we affirm the actual damages award, except for the loss of profits in the amount of $120,000.

#### B.

#### Exemplary Damages

Silver next argues that the exemplary damages award was excessive. We disagree.

■ The jury's determination of this issue will normally not be disturbed absent a clear abuse of discretion because an appellate court is not in as advantageous a position as the jury to weigh the necessary factors. *Frick v. Abell,* 198 Colo. 508, 602 P.2d 852 (1979). The factors which help ascertain the reasonableness of exemplary damages are as follows: (1) the nature of the act which caused the injury; (2) the economic status of the defendant; and (3)

the deterrent effect of the award on others. *Frick, supra.* Examining the award here with these factors in mind, we conclude the award was not unreasonable.

▪ Silver's unwarranted and damaging actions which frustrated the contract between the Soneffs and Harlan and slandered their title warrant assessment of exemplary damages which are of a sufficient magnitude to punish Silver for his abhorrent actions, as well as to deter similar conduct in the future. The record also indicates Silver has sufficient assets to pay such damages as testimony indicates his wealth to be between twelve and sixteen million dollars. Thus, the award of $800,-000 is not unreasonable under these circumstances.

### C.

#### Equitable Relief

Silver next claims that the trial court erred in deciding the specific performance issue while the jury was deliberating on the amount of the damages and in not informing the jury that the Soneffs had been awarded equitable relief. We disagree.

▪ First, although Silver made an oral request, he failed properly to tender to the court any special instructions to the jury on this issue. Therefore, his contention of error concerning instruction of the jury will not be considered on appeal. C.R.C.P. 51.

▪ Second, we find no error in the court's consideration and decision of matters of equity where, as here, the court acted within its equitable jurisdiction and exercised its discretion without prejudice to any party. *See Beacon Theatres v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); D. Dobbs, *Handbook on the Law of Remedies* §§ 2.6 & 2.7 (1973).

Here, the Soneffs were entitled to a jury trial on the legal issues, and the trial court properly exercised its powers as to the equitable claims. *See generally Miller v. Carnation Co.,* 33 Colo.App. 62, 516 P.2d 661 (1973).

Many aspects of trial are left to the sound discretion of the trial court. *See e.g.* C.R.C.P. 39 & 42. Among other matters within the trial court's discretion is whether the legal or equitable cause should be tried first. *See Beacon, supra.* It therefore follows that the trial court's timing as to its equitable award is also within its sound discretion, provided that that equitable relief is not inconsistent with the jury's findings nor prejudicial.

Here, we find no inconsistency between the trial court's grant of specific performance and the jury's award of damages. Further, those damages are not in any way contingent upon the trial court's decision in equity, nor is any prejudice apparent. Thus, the trial court did not abuse its discretion by granting equitable relief while the jury was deliberating.

### D.

#### Witness' Fees

Silver argues the court erred in taxing him with fees for two expert witnesses who did not testify. We disagree.

▪ Assessment for costs of a witness are within the sound judicial discretion. *Leadville Water Co. v. Parkville Water District,* 164 Colo. 362, 436 P.2d 659 (1967). Here, the trial court found that had Silver not perjured himself at trial the witnesses would have testified. Thus, the costs incurred were reasonable. We therefore affirm the trial court's assessment of witness' fees. *See Leadville, supra.*

Silver's remaining contentions lack merit.

Not finding this appeal to be frivolous or groundless, we deny Soneffs' request for attorney fees.

The judgment is affirmed except as to the damages award of loss of profits in the amount of $120,000 which portion of the judgment is reversed, and the cause is remanded for modification of the judgment.

BERMAN and STERNBERG, JJ., concur.